No. 13,678.

STATE OF LOUISIANA VS. WILLIAM THOMPSON.

## SYLLABUS.

1. The general *venire* of jurors should not be set aside for defects or irregularities in its selection unless it should appear that some fraud has been practiced, or some great injury committed therefrom which would work irreparable injury. (Selection 14, Act No. 135 of 1898.)

2.  Parties accused of crime necessarily punishable at hard labor have no
    legal right to waive trial by jury, and insist upon being tried by the
    District Judge.  (Article 117, Constitution of 1898.)

APPEAL from the Twenty-Seventh Judicial District, Parish of Assumption—*Leche, J.*

*Walter Guion*, Attorney General, and *G. Adolph Gondran*, District Attorney, (*Lewis Guion*, of Counsel,) for Plaintiff, Appellee.

*Pugh & Pugh* for Defendant, Appellant.

### STATEMENT OF THE CASE.

The opinion of the court was delivered by

NICHOLLS, C. J.   The defendant was found guilty under an information charging him with horse stealing, and was sentenced to hard labor in the penitentiary for one year.

Prior to going to trial he moved to quash and set aside the jury on the ground that it was drawn to the great injury, wrong and fraud of himself, and that it would work irreparable injury if it was allowed to sit on his case.   The objections urged were that the law directed (Act No. 135 of 1898) that juries should be drawn by the Jury Commissioners for the first week of the next ensuing session of the court after the drawing; that the next ensuing term after the meeting of the jury commissioners on the 3rd of July, 1900, was the term commencing July 16th, 1900; that no petit jurors were drawn or summoned for the first week of that session, but the *proces verbal* of the drawing of the said jury showed that they were drawn for the first and last week of said term of court, beginning on Monday, July 3rd, 1900, and were summoned for Monday, July 23rd, 1900.

The motion to quash was overruled and defendant excepted.

On being arraigned he pleaded not guilty and waiving trial by jury prayed to be tried by the court.

The court refused to accede to this prayer, and directed that he be tried by a jury.   This action of the court was made the basis of a bill of exceptions, taken at the time, and also for a second bill taken later to the refusal of the district judge to consider it as a ground for a new trial, when assigned as such by the defendant.

The petit jury was empaneled and sworn without further objection; the record giving no evidence of challenge of any kind.

## OPINION.

By the 15th Section of Act No. 135 of 1898, it was enacted that it should not be sufficient cause to challenge the general *venire* selected for any session of the court or portion thereof, or for service at any time, in any parish or district of the State, or set aside the *venire*, because some of the jurors on the list are not qualified to act; nor because of any other defect or irregularity in the manner of selecting the jury as above provided (in the act), "and to such defect (no such defect) or irregularity in the selection of the jury shall be sufficient cause if it shall not appear that some fraud has been practiced or some great injury committed in the selection and summoning of the jury that would work irreparable injury; provided that it shall be good reason to challenge, for cause, any juror who is not qualified to act under the provisions of this act."

Appellant has, in general terms, alleged wrong, fraud and irreparable injury, but he has failed to either point out or to prove how, or in what manner, wrong, fraud or injury to himself or to any one else has resulted.

We, ourselves see no good ground for complaint.

The action of the court, refusing to allow the accused to waive trial by jury, was based upon the provisions of Articles 116 and 118 of the Constitution of 1898. It ruled that, in cases necessarily punishable at hard labor, a jury could not be waived. In addition to those articles themselves, we are referred, by the Attorney General and counsel, to Proffat on Jury Trials, Sections 110-113; Clark's Criminal Procedure, page 435, and authorities cited; 5 Ohio St. 283; Thompson & Merriam on Juries, pages 5 and 7, Sections 5 and 6; also Thompson vs. Utah, 170 U. S. 343.

Article 117 of the Constitution declares that "the district judges shall have authority to try at any time all misdemeanors and when the jury is waived all cases not necessarily punishable at hard labor, and to receive pleas of guilty in cases less than capital."

The reason assigned for refusing to allow an accused to waive trial by jury is that "the State has an interest in the preservation of the

lives and liberties of its citizens, and will not allow them to be taken away without due process of law."

We are of the opinion that the conclusions reached by the District Court, on this subject, are correct.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be, and the same is hereby affirmed.