(54 South. 415.)
No. 18,658.
STATE v. REEVES.
Ex parte REEVES.
(Feb. 27, 1911.)

*(Syllabus by the Court.)*

1. JURY (§ 32*)—JURY TRIAL — NUMBER OF JURORS—PROSECUTION FOR SHOOTING WITH INTENT TO KILL AND MURDER.

A person tried and convicted by a jury of 12 on a charge of shooting with intent to kill and murder is illegally convicted (the jury of 12 having no jurisdiction of that crime because it is not necessarily punishable at hard labor), and is entitled to obtain his release from the penitentiary by the writ of habeas corpus, and to a trial according to law.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 221–225; Dec. Dig. § 32.*]

*(Additional Syllabus by Editorial Staff.)*

2. COURTS (§ 37*)—JURISDICTION—WAIVER OF OBJECTION.

The objection that a court has no jurisdiction of the subject-matter is not waived by plea or by going to trial, but may be raised on motion in arrest of judgment on appeal, or by petition for writ of habeas corpus.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 147–151; Dec. Dig. § 37.*]

Application of Augustus Reeves for a writ of habeas corpus. Writ made peremptory.

Hunter & Hunter and Blackman & Overton, for relator. Walter Guion, Atty. Gen. (G. A. Gondron, of counsel), for respondent.

MONROE, J. Relator alleges that he is illegally confined in the state penitentiary, and prays that the board of control of that institution be ordered to produce his body in court or show cause why he is detained. The board, through its president, answers that it is advised that the detention is legal, and it refers to a judgment of the district court for the parish of Rapides, annexed to relator's petition, and to the commitment and warrant from the court annexed to its return. The facts are that relator was prosecuted by indictment upon a charge of shooting with intent to kill and murder, a crime which under section 791 of the Revised Statutes, as amended by Act No. 43 of 1890, is punishable by "imprisonment at hard labor, or otherwise," and, under article 116 of the Constitution, must be tried by a jury of five, or, in case the jury is waived, by the judge of the district court; and that, instead of having been so tried, he was tried and convicted by a jury of twelve, a tribunal which

was absolutely without jurisdiction in the premises.

"The objection that a court has no jurisdiction of the subject-matter is not waived by plea or going to trial, and may be raised on motion in arrest of judgment, on appeal, or by petition for writ of habeas corpus." State v. Beebe, 127 La. 493, 53 South. 730; Michaelson v. Beemann, 72 Neb. 761, 101 N. W. 1007; 12 Cyc. pp. 228, 229.

It is therefore ordered, adjudged, and decreed that the writ herein issued be made peremptory, and that the respondent board deliver the relator to the proper authorities of the parish of Rapides in order that his case may be restored to the docket of the Thirteenth judicial district court in and for said parish, to be proceeded with as if no trial had been had.