922 So.2d 508 (2006)
STATE of Louisiana
v.
Daniel J. JONES.
No. 2005-K-0226.
Supreme Court of Louisiana.
February 22, 2006.
*509 Fox & Lindner, John W. Lindner, II, for applicant.
Charles C. Foti, Jr., Attorney General, Walter P. Reed, District Attorney, Dorothy Ann Pendergast, Assistant District Attorney, for respondent.
TRAYLOR, J.
In this case, we are presented with the issue of whether a criminal trial decided by a unanimous jury composed of a greater number of persons than constitutionally required, violates the criminal defendant's constitutional rights. Finding no prejudice to the defendant in this case, we remand to the Court of Appeal, First Circuit, for consideration of other issues raised on appeal.

FACTS AND PROCEDURAL HISTORY
Defendant, Daniel Jones (hereinafter referred to as "Jones"), was charged by bill of information with one count of operating a vehicle while intoxicated ("DWI"), fourth offense, a violation of La. R.S. 14:98(E). Jones was tried by a jury of twelve, who unanimously found him guilty as charged. The trial court sentenced Jones to twenty *510 years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.
Jones appealed his conviction and sentence to the Court of Appeal, First Circuit, arguing that he was convicted based on insufficient evidence and that the trial court erred in refusing to sentence him under the 2001 amendments to La. R.S. 14:98. The First Circuit, sitting en banc, issued a per curiam opinion.[1] While reviewing the merits of the case, the court of appeal recognized ex proprio motu that the record revealed Jones had been tried before a jury of twelve rather than six jurors as required by La. Const. Art. I, § 17. Six of the twelve judges of the appellate court affirmed defendant's conviction. However, six judges pretermitted a determination on the merits, voting instead to reverse Jones' conviction based on patent error with regard to the composition of his jury.[2]
Jones filed an application for writ of certiorari in this court, seeking review of the lower court's ruling. In his application to this court, Jones adopted the argument of the appellate court dissenters, and argued that his conviction and sentence should be reversed based on patent error. We granted this application to consider the propriety of that argument.[3]

LAW AND DISCUSSION
This Court has previously held that trial by an incorrect number of jurors, either more than or less than required, renders the verdict and sentence null. State v. Smith, 367 So.2d 857 (La.1979); State v. Nedds, 364 So.2d 588 (La.1978); State v. Rabbas, 278 So.2d 45 (La.1973); State v. Bennett, 270 So.2d 840 (La.1972); State v. Hill, 171 La. 277, 130 So. 865 (La.1930); State v. Bailey, 154 La. 536, 97 So. 851 (La.1923); and State v. Reeves, 128 La. 37, 54 So. 415 (La.1911). Today we re-examine the correctness of this pronouncement where a greater than required number of jurors unanimously vote to convict a defendant.
Daniel Jones was charged with violation of La. R.S. 14:98(E), a felony for which the offender may be imprisoned with or without hard labor for not less than ten years.[4] Jones pleaded not guilty to the charge and requested a trial by jury. A twelve person jury unanimously convicted Jones.
Article I, Section 17 of the Louisiana Constitution required that Jones be tried *511 before a jury of six persons, all of whom must concur to render a verdict.[5]See also La.C.Cr.P. Art. 782.[6] Based on the constitutional and statutory mandate, Jones was required to be tried by a six person jury. Jones, however, was unanimously convicted by a twelve person jury. Thus, we must determine whether this constitutional error is an inherently prejudicial structural error which automatically requires reversal, or whether it falls within the vast category of trial errors which are subject to harmless error analysis and which warrant reversal only where the defendant is actually prejudiced.
A structural error is one which affects the framework within which the trial proceeds. Arizona v. Fulminante, 499 U.S. 279, 307-311, 111 S.Ct. 1246, 1264-1265, 113 L.Ed.2d 302 (1991). Constitutional structural errors warrant automatic reversal. Arizona v. Fulminante, 499 U.S. at 307-311, 111 S.Ct. at 1264-1265. Structural defects are fatal and have been restrictively defined to include the complete denial of counsel, see Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); adjudication by a biased judge, see Tumey v. Ohio, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927); exclusion of members of defendant's race from a grand jury, see Vasquez v. Hillery, 474 U.S. 254, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986); the right to self-representation at trial, see McKaskle v. Wiggins, 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984); the right to a public trial, see Waller v. Georgia, 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984); and the right to a jury verdict of guilt beyond a reasonable doubt, see Sullivan v. Louisiana, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993).
However, all constitutional errors are not structural and indeed, most are amenable to harmless error analysis. Sullivan v. Louisiana, 508 U.S. 275, 278-79, 113 S.Ct. 2078, 2081, 124 L.Ed.2d 182 (1993), citing Arizona v. Fulminante, supra. While the Louisiana Constitution and La.C.Cr.P. art. 782 required that a six person jury hear Jones' case, we find that his conviction by a unanimous twelve person jury does not rise to the level of a structural error. Hence, we find defendant's unanimous conviction by a jury of twelve is subject to harmless error analysis.
In order to find an error harmless, an appellate court must be able to declare a belief that the error was harmless beyond a reasonable doubt. State v. *512 Allen, 2003-2418, p. 19 (La.6/29/05), 913 So.2d 788, citing Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). We hold that Jones' conviction by a unanimous twelve person jury did not result in any prejudice to Jones. Therefore, the constitutional error in this case is harmless beyond a reasonable doubt.
Although the Louisiana Constitution contains a provision setting forth the number of jurors required for crimes punishable by a certain length of time, we find the improper number of jurors who unanimously decided Jones' guilt was not a fatal flaw which denied Jones' right to a jury trial. The key feature of the right to a jury trial does not hinge on the number of jurors, but rather is to ensure fair deliberations:
"... the number should probably be large enough to promote group deliberation, free from outside attempts at intimidation, and to provide a fair possibility for obtaining a representatives cross-section of the community. But we find little reason to think that these goals are in any meaningful sense less likely to be achieved when the jury numbers six, than when it numbers 12-particularly if the requirement of unanimity is retained. And, certainly the reliability of the jury as a factfinder hardly seems likely to be a function of its size."

Williams v. Florida, 399 U.S. 78, 100, 90 S.Ct. 1893, 1906, 26 L.Ed.2d 446 (1970).
In Williams, the United States Supreme Court considered the issue whether the constitutional guarantee of a trial by jury necessarily encompasses a specific number of jurors. The Court reviewed a conviction of a defendant who had previously requested a twelve person jury rather than a six person jury as required by Florida law.[7] After setting forth the history of the development of trial by jury in criminal cases as set forth in Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed. 491 (1968), the Court focused on whether any real significance should be afforded to the fixing of a specific number of jurors, described by the Court as an "accidental feature."[8]
The Court found the essential feature of a jury lies in the interposition between the accused and his accuser of the commonsense judgment of a group of laymen, and in the community participation and shared responsibility that results from that group's determination of guilt or innocence. Williams, 399 U.S. at 100, 90 S.Ct. at 1906. The Court further stated that the performance of this role is not a function of the particular number of the body that makes up the jury. Id. Here, Jones was unanimously convicted by twelve of his peers. He received deliberation by a cross section of his community.
In State v. Nedds, 364 So.2d 588 (La.1978), this court held that a case tried by a jury composed of either more or less than the required number of jurors is null. Like Jones, the defendant in Nedds was tried by twelve jurors and convicted but should have been tried by a six person jury. The court annulled and set aside the conviction, remanding to the trial court for a new trial. Justice Dennis' dissent in State v. Nedds, poignantly states the fundamental principle that a defendant is entitled to a jury trial of his peers and trial by more than the number of jurors constitutionally *513 required should not result in a nullity. The dissent suggests that the pivotal inquiry is whether the defendant was prejudiced by having more jurors hear the case than the number of jurors required by law. Justice Dennis stated:
Defendant was convicted of a relative felony by a jury of twelve persons. Prior decisions of this Court have held that such a defect in the proceedings requires remand, State v. Rabbas, 278 So.2d 45 (La.1973); and several decisions have even treated jury size as jurisdictional, State v. Reeves, 128 La. 37, 54 So. 415 (1911). This position would be justified in those cases where a defendant is convicted by a jury composed of fewer persons than the law mandates. However, where the defendant is convicted by a larger jury, he has, in effect, been provided greater protection than the minimum required by law. Defendant alleged no prejudice; and I am unable to perceive how the defendant could be prejudiced by a jury composed of twelve rather than six persons. Moreover, since the defendant could have waived the jury entirely, his going to trial before a twelve person jury instead of a six person jury should constitute a waiver of his right to a trial by the smaller jury. State v. Nedds, 364 So.2d at 589.
Justice Dennis' conclusion is instructive and supported by Williams v. Florida, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970). We find that Jones has not shown, nor do we find, that he was prejudiced by having his case decided by a unanimous jury of twelve. Twelve persons unanimously convicted Jones of DWI. Furthermore, we find that the empaneling of a jury composed of a greater number of persons than constitutionally required is no longer a non-waivable jurisdictional defect subject to automatic nullity. Hence, we find Jones' unanimous verdict by twelve jurors, when the constitution requires a unanimous jury of six persons, was harmless error.

CONCLUSION
Based on the foregoing, we find that a unanimous jury of twelve convicted defendant of violating La. R.S. 14:98(E). Furthermore, under the facts of this case, defendant's unanimous conviction by twelve jurors was harmless error and not fatally prejudicial to defendant's rights to trial by jury and of due process.[9] Moreover, based on Louisiana's constitutional and statutory amendments, we no longer find that a jury composed of a greater number of persons than constitutionally required constitutes a non-waivable jurisdictional defect subject to automatic reversal. Our previous cases which may be construed to hold otherwise are hereby expressly overruled.
The Court of Appeal, First Circuit, did not render a majority opinion on the merits of defendant's conviction and sentence as required by La. Const. Art. V, § 8B. Six of the twelve judges pretermitted the merits based on their finding of patent error. Accordingly, we hereby remand this case to the Court of Appeal, First Circuit, for consideration of the merits of defendant's conviction and sentence.

DECREE
Case remanded to the Court of Appeal, First Circuit, for the reasons assigned in this opinion.
*514 CASE REMANDED TO COURT OF APPEAL.
WEIMER, J., concurs and assigns reasons.
WEIMER, J., concurring.
Although I agree with the result reached by the majority of this court, I respectfully concur.
Jones was not afforded greater due process than required by law because a greater number of jurors than legally required unanimously determined his guilt. I agree that no due process rights were violated, but I point out the consideration noted by Judge Gaidry in his concurrence, that "a jury should appropriately be considered a social unit, rather than simply a mathematical construct. More jurors do not necessarily equate to more due process." State v. Jones, 03-1345, p. 1 n. 1(La.App. 1 Cir 9/24/04), 888 So.2d 885, 894 (Gaidry, J., concurring.).[1] In her dissent, Judge Whipple suggests that juror No. 7 could have been the juror to sway the entire improperly constituted panel of twelve. Id., 03-1345 at 6 n. 4, 888 So.2d at 899 (Whipple, J., dissenting). Similarly, in his dissent Judge Pettigrew observes that the original six jurors may have found the defendant not guilty, but for the argument of the additional six jurors. Id., 03-1345 at 1, 888 So.2d at 899 (Pettigrew, J., dissenting).
I agree due process requirements of the United States Constitution do not dictate the number of jurors required. Williams v. Florida, 399 U.S. 78, 100, 90 S.Ct. 1893, 1906, 26 L.Ed.2d 446 (1970). That said, the ultimate resolution of this case must be reached pursuant to Louisiana's constitutional provisions setting forth numerical requirements for juries.
Article I, § 17 of the Louisiana Constitution of 1974 states in part:
A criminal case in which the punishment may be capital shall be tried before a jury of twelve persons, all of whom must concur to render a verdict. A case in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict. A case in which the punishment may be confinement at hard labor or confinement without hard labor for more than six months shall be tried before a jury of six persons, all of whom must concur to render a verdict.[[2]] ... Except in capital cases, a defendant may knowingly and intelligently waive his right to a trial by jury. [Emphasis supplied.]
Defendant's DWI-fourth offense conviction mandates, among other things, imprisonment with or without hard labor for not less than ten nor more than thirty years. See LSAR.S. 14:98(E)(1)(a). Thus, according to Article I, § 17, this case is one that "shall be tried before a jury of six persons, all of whom must concur to render a verdict."
With the current constitutional provision in mind, I turn to the jurisprudence.
*515 Review of the jurisprudence begins with State v. Thompson, 104 La. 167, 28 So. 882 (1900), a case in which the defendant was accused of horse stealing, an offense punishable at hard labor. In affirming defendant's conviction by a jury, this court stated:
The action of the [district] court refusing to allow the accused to waive trial by jury was based upon ... provision[s] of... the constitution of 1898. It ruled that, in cases necessarily punishable at hard labor, a jury could not be waived.... Article 117 of the constitution declares that "the district judges shall have authority to try at any time all misdemeanors, and when the jury is waived, all cases not necessarily punishable at hard labor, and to receive pleas of guilty in cases less than capital." The reasons assigned for refusing to allow an accused to waive trial by jury is that "the state has an interest in the preservation of the lives and liberties of its citizens, and will not allow them to be taken away without due process of law." [Citations omitted.]
State v. Thompson, 104 La. at 169-170, 28 So. at 883.
Ten years later, in State v. Beebe, 127 La. 493, 496, 53 So. 730, 731 (1910), this court articulated a rationale for holding that the conviction of a defendant by a larger than minimum jury was null and should be set aside. Beebe was tried before a twelve-person jury although Article 116 of the Louisiana Constitution of 1898 provided that the case "shall be tried by a jury of five, all of whom must concur to render a verdict." This court again focused on a defendant's constitutionally prohibited ability to waive certain jury trials, stating:
[I]f it be said that defendant, by failing to object to his trial by the jury of 12, waived his right to be tried by a jury of 5, the answer is that the Constitution [in Article 116] provides that he shall be tried by a jury of 5, unless he waives that right [pursuant to Article 117], and in the event of such waiver the district judge shall have authority to try him, but it no more confers that authority upon a jury of 12 than upon a jury of 3 or a mob of 50, and all over 5, who participated in his trial and conviction, were outsiders, whose presence in the jury room, even if they had not so participated, would have vitiated the verdict.
State v. Beebe, 127 La. at 496, 53 So. at 731.
In reversing the conviction, this court stated that "[t]he tribunal before which the accused was tried was ... without jurisdiction in the premises, and, as to him and his case, [it] was as though it did not exist." State v. Beebe, 127 La. at 496, 53 So. at 731. The court explained that a defendant could not be said to have had the benefit of due process of law if tried before a tribunal upon which the law had conferred no jurisdiction to try him. Beebe, 127 La. at 497, 53 So. at 731.
Subsequent to Beebe, this court, either explicitly or implicitly, applied the jurisdictional requirement to cases in which defendants had been convicted by a unanimous verdict of a twelve-person jury instead of the constitutionally required smaller number. See State v. Reeves, 128 La. 37, 54 So. 415 (1911); State v. Bailey, 154 La. 536, 97 So. 851 (1923); State v. Rabbas, 278 So.2d 45 (La.1973).
Nevertheless, it is appropriate to depart from this court's longstanding jurisprudential rule which treats trial before a wrongly enlarged jury as a jurisdictional defect lying wholly outside Louisiana's procedural default rules. Under present Louisiana law, Article I, § 17 provides that a defendant may waive a jury trial except in capital *516 cases. Cf. State v. Louviere, 00-2085, p. 7 (La.9/4/02), 833 So.2d 885, 892-893 (Waiver of a jury trial for the guilt portion of a defendant's trial for a capital offense did not violate Article I, § 17.) Thus, the Thompson and Beebe rationale based on constitutional prohibition of waivers is no longer viable. Accord, State v. Nedds, 364 So.2d 588, 589 (La.1978) (Dennis, dissenting) ("[S]ince the defendant could have waived the jury entirely, his going to trial before a twelve person jury instead of a six person jury should constitute a waiver of his right to a trial by the smaller jury.")
Additionally, trial of a six-person jury offense in a twelve-person jury forum no longer represents a constitutional outlier if the charge is properly joined in the same proceeding with a twelve-person jury offense. La. Const. art. I, § 17(B); LSA-C.Cr.P. art. 493.2. Under those circumstances, the jury may return a non-unanimous verdict (10 of the 12) as to each offense. I acknowledge that the argument can be made that the law has changed only with respect to offenses joined in a single proceeding and that, if tried alone, an offense punishable with or without hard labor remains properly tried only before the constitutionally required smaller jury as it has been for over 100 years. Nevertheless, because it is now constitutionally and statutorily permissible to meld together two formerly immutable constitutional forums in the interests of judicial economy, the case for treating an error with respect to an enlarged jury forum as a jurisdictional defect becomes much harder to make.
Defense counsel in the present case had no objection when the State informed prospective jurors at the outset of voir dire that "[t]his is a twelve person jury of which ten people have to agree to reach a legal verdict." Defense counsel then participated in the selection of a twelve-person jury (with one alternate) and had no objection at the close of the case when the court instructed jurors that "[t]en members of your body must concur to reach a verdict in this case." In this context, according to the State's argument, Louisiana's established procedural default rules should govern because the rule barring trial of a six-person jury offense in a twelve-person forum no longer applies in all instances and hence has lost its jurisdictional aspect. I agree. A defendant should not have the opportunity of gambling on a favorable verdict from the larger jury and then resorting on appeal to an error that easily could have been corrected in the trial court at the outset of jury selection.
Rendition of a verdict by a twelve-person jury in a case calling for impanelment of a five-person jury was a violation of the accused's due process rights in 1910, which this court in Beebe stated as the basis to nullify a conviction. That rationale has no present day application given intervening constitutional changes. While due process affords a criminal defendant the right to a fair trial before an impartial jury, see Duncan v. State of Louisiana, 391 U.S. 145, 150, 88 S.Ct. 1444, 1448, 20 L.Ed.2d 491 (1968), there is no deprivation of his right to an impartial jury and, hence, no due process violation, when his conviction was by a unanimous verdict of a twelve-person jury.
Neither Article I, § 17 nor LSA-C.Cr.P. art. 782(A) specifies a penalty, such as nullity, when an accused is tried before a jury composed of a number which is not in conformity with the requirements stated in that procedural statute. Although the relevant constitutional and statutory provisions are couched in mandatory terms by use of the word "shall,"[3] *517 that use simply means the defendant or the state cannot be denied the constitutional designation of a particularly sized jury over timely objection. The various provisions for the number of jurors are tied to the gravity of the offense, logically, to reduce costs, time, and delay. I find the penalty of voiding a conviction by a unanimous twelve-person jury is not specified constitutionally and thus not required.
It is incumbent on the accused to object to any non-conformity to the procedure employed at the trial against him. Where, as here, the defendant did not object to the larger jury composition, and because the twelve-juror verdict was unanimous, thereby obviating any prejudice, any "error, defect, irregularity, or variance" simply did not affect any substantial rights of the accused so as to warrant a reversal. See LSA-C.Cr.P. art. 921. ("A judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused.")
Accordingly, I concur in the remand of this matter to the court of appeal for consideration of the merits of defendant's appeal.
NOTES
[1] State v. Jones, XXXX-XXXX (La.App. 1 Cir. 9/24/04), 888 So.2d 885.
[2] The per curiam issued by the court cited Louisiana Constitution Art. V, § 8(B) which requires a "majority of judges sitting in a case must concur to render judgment." Since six of the twelve judges agreed to affirm Jones' conviction, there was no majority. The per curiam states that Jones' "judgment of conviction and sentence stand."
[3] State v. Jones, 05-0226 (La.5/13/05), 902 So.2d 1000.
[4] La. R.S. 14:98(E) provides:

Except as otherwise provided in Subparagraph (4)(b) of this Subsection, on a conviction of a fourth or subsequent offense, notwithstanding any other provision of law to the contrary and regardless of whether the fourth offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than ten years nor more than thirty years and shall be fined five thousand dollars. Sixty days of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The remainder of the sentence of imprisonment shall be suspended, and the offender shall be placed on supervised probation with the Department of Public Safety and Corrections, division of probation and parole, for a period of time not to exceed five years, which probation shall commence on the day after the offender's release from custody. [Emphasis added]
[5] Article I, Section 17 of the Louisiana Constitution provides:

A criminal case in which the punishment may be capital shall be tried before a jury of twelve persons, all of whom must concur to render a verdict. A case in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict. A case in which the punishment may be confinement at hard labor or confinement without hard labor for more than six months shall be tried before a jury of six persons, all of whom must concur to render a verdict. The accused shall have a right to full voir dire examination of prospective jurors and to challenge jurors peremptorily. The number of challenges shall be fixed by law. Except in capital cases, a defendant may knowingly and intelligently waive his right to a trial by jury. [emphasis added].
[6] La.Code Crim. Proc. Art. 782 provides:

A. Cases in which punishment may be capital shall be tried by a jury of twelve jurors, all of whom must concur to render a verdict. Cases in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict. Cases in which the punishment may be confinement at hard labor shall be tried by a jury composed of six jurors, all of whom must concur to render a verdict.
[7] Fla. Stat. § 913.10(1) (1967) provided:

Twelve men shall constitute a jury to try all capital cases, and six men shall constitute a jury to try all other criminal cases.
[8] According to the Williams Court, the "question before us is whether this accidental feature of the jury has been immutably codified into our constitution." Williams, 399 U.S. at 88, 90 S.Ct. at 1900.
[9] Our holding here today does not guarantee the same result would be reached if a lesser number of jurors had been empaneled than required by law, or if there was no unanimity of verdict.
[1] Although Justice Dennis, in his dissent in State v. Nedds, 364 So.2d 588, 589 (La.1978), expressed the idea that a defendant tried by a larger jury has been provided greater protection than the minimum required by law, the focal point of the dissent was that the pivotal inquiry was whether the defendant was prejudiced by having a greater number of jurors decide his case.
[2] Article 782(A) of the Louisiana Code of Criminal Procedure codifies this constitutional provision and states in pertinent part: "Cases in which the punishment may be confinement at hard labor shall be tried by a jury composed of six jurors, all of whom must concur to render a verdict."
[3] See LSA-R.S. 1:3: "The word `shall' is mandatory and the word `may' is permissive."