*677 CRICHTON, J.
hWe granted the writ application in this case to- determine- whether trial by a jury composed of fewer jurors than required by law is a non-waivable ■ structural defect which requires that a defendant’s conviction be reversed and his sentence vacated. Specifically, the narrow question before us is whether defendant was denied a fair trial and due process of law because he was, without contemporaneous objection at trial, tried by a six-person jury, instead of a twelve-person jury, on a fourth offense Driving While Intoxicated (“DWI”) charge. Following deliberations, the six-person jury found defendant guilty, and the trial court sentenced defendant as a habitual offender to 25 years without benefit of parole, probation, or suspension of sentence. The court of appeal affirmed both defendant’s conviction and his sentence. For reasons that follow, we find that due to defendant’s multiple offender status and subsequent sentence as such, his trial by a six-person jury was not an error requiring his conviction be reversed or his sentence vacated. We therefore affirm the lower courts’ rulings and decline to reach the broader jury composition issue in this case.
JgFACTS AND PROCEDURAL HISTORY
Defendant was arrested in Bogalusa, Louisiana, on November 10, 2011, for DWI, fourth offense, after a Louisiana state' trooper witnessed a pickup truck driven by the defendant cross the center-line to the left, veer back to the right, and then run off of the road. When the trooper initiated a traffic stop, he observed that defendant swayed as he stood, had an odor of alcohol on his breath, his speech was slurred,- and his eyes were glassy and bloodshot. Defendant’s blood alcohol level registered 0.180.
On January 17, 2012, the state filed a bill of information, charging defendant with one count of driving while intoxicated, fourth dffense, a violation of La. R.S. 14:98 (Count I). He was also charged with improper lane usage (a violation of La. R.S. 32:79), a license plate, light violation (a violation of La. R.S. 32:304(0), and driving under a suspended license (a violation of La. R.S. 32:415) (Counts II, III, and IV, respectively).[1] The defendant pleaded not guilty on all counts.
|SA jury trial began on April 30, 2012, at which, time the - state severed counts two *678 through four, and proceeded to trial only-on Count I, which carried a penalty range with or without hard labor for “not less than ten years no more than thirty years.” La. R.S. 14:98(E)(l)(a). Considering the bill of information and the related penalty range, the prosecution and defense chose a jury of six people, without any contemporaneous objection from either side at any time. More specifically, neither the defendant nor the prosecution requested a twelve-person jury at any time before or during trial. On May 1, 2012, the jury found defendant guilty as charged, and the trial court denied a Motion for New Trial and a Motion for Post Verdict Judgment of Acquittal. Defendant was ultimately sentenced to 25 years at hard labor, with three years to be served without benefit of probation, parole, or suspension of. sentence.[2] The defendant moved for reconsideration of Ms sentence, which the trial court also denied.
Shortly thereafter, the State filed a Multiple Offender Bill of Information, alleging the defendant was a third felony offender.[3] After a hearing on October 29, |42012, the defendant admitted the allegations in the Multiple Offender Bill. The trial court, after considering the factors set forth in La.C.Cr.Pr. art. 894.1 (the sentencing guidelines) and all other evidence in the case,[4] vacated its original sentence and re-sentenced the defendant under La. R.S. 15:529.1 to serve 25 years imprisonment at hard labor, without the benefit of probation or suspension of sentence;
The defendant timely appealed to the Court of Appeal, First Circuit, asserting five assignments of error, both counseled and pro se.[5] In one of his pro se assign *679 ments of error, asserted for the first time on appeal,[6] defendant avers he was denied a fair trial and due process of law by being tried by a six-person jury for a felony requiring hard labor, as under La. Const, art. I, § 17(A), a case in which the punishment is necessarily hard labor requires a jury of twelve persons. The appellate court disagreed, finding that because the defendant was sentenced to substance abuse treatment and home incarceration as a result of his predicate third Roffense DWI, under La. R.S. 14:98(E)(4)(a), the defendant “shall be imprisoned at hard labor for not less than ten nor more than thirty years.” In this instance, the appellate court noted the defendant was erroneously tried by a six-person jury; however, he acquiesced in the error because he raised no objection at voir dire when the trial court announced it would be selecting a six person jury, nor did the defendant file a motion in arrest of judgment. Therefore, the court of appeal found, the wrong jury forum error was waived. State v. Dahlem, 13-0577 (La.App. 1 Cir. 6/18/14), 148 So.3d 591.
Judge Kuhn concurred in the court of appeal’s opinion, but disagreed with the majority’s conclusion that a jury composition error occurred in this case. In Judge Kuhn’s view, “La. R.S. 14:98(E)(4)(a) does not create a new crime entitling a defendant to a trial by a twelve-person jury, but merely provides for enhancement of the sentence for a fourth-offense DWI sentence if the offender previously has been required to participate in substance abuse treatment and home incarceration as the result of a third-offense DWI conviction.” Dahlem, 13-577, p. 1, 148 So.3d at 600. Judge Kuhn also noted that even if there was an error in the jury composition, it would be subject to a harmless error analysis under State v. Brown, 11-1044 (La.3/13/12), 85 So.3d 52, 53 (per curiam), and is not reversible unless the defendant is actually prejudiced. Moreover, Judge Kuhn observed, the defendant waived any objection to the error in the jury composition by actively participating in the selection of the six-person jury that ultimately unánimously convicted him.
' This Court subsequently granted the defendant’s writ application, with the specific instruction that the Court’s review was to be limited to, the jury composition issue. State v. Dahlem, 14-1555 (La.3/27/15), 161 So.3d 646.
LAW AND ANALYSIS
In brief, the defendant asserts that the court of appeal erred because the failure to conduct his trial before a twelve person jury under La. Const, art. I, § |fl17(A) constitutes a non-waivable structural de- *680 feet that requires his conviction be reversed and his sentence vacated. In the alternative, if this Court finds the error is not structural, defendant avers it fails the harmless error analysis, which also dictates his conviction be reversed, .his sentence vacated, and the matter be remanded for a new'trial.
■ In contrast, the state asserts the defendant waived any error by failing to make' a contemporaneous objection, as required by La. C.Cr.Pr. art. 841. Moreover, the state maintains that this was not a structural error, and again, was waived, as it was first asserted on appeal. According to the State, a fourth offense DWI is subject to a six-person jury, and La. R.S. 14:98(E)(4)(a) is only an enhancement provision and does not dictate a six — or twelve-person jury. If the state had failed to prove the defendant’s predicate offenses, sentencing under the enhanced provision was only a possibility and never a certainty. Finally, the state avers any error was harmless, as there was overwhelming evidence of defendant’s guilt in this matter, also established by the unanimous jury verdict.
As stated above, the narrow issue defined by this Court is whether, in this instance, trial by an incorrect number of jurors warrants reversal of the defendant’s conviction. Article I, § 17(A) of the Louisiana Constitution provides, in pertinent part:
Jury Trial in Criminal Cases. A criminal case in which the punishment may be capital shall be tried before a jury of twelve persons, all of whom must concur to render a verdict. A case in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict. A case in which the punishment may be confinement at hard labor or confinement without hard labor for more than six months shall be tried before a jury of six persons,- all of whom must concur to render a verdict....[7]
|7In State v. Jones, 05-0226 (La.2/22/06), 922 So.2d 508, defendant was charged by bill of information with one count of DWI, fourth offense, a violation of La. R.S. 14:98(E). The defendant was tried by a jury of twelve, which unanimously found him guilty as charged. The trial court sentenced Jones to twenty years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. While reviewing the merits, the appellate court found that defendant had been incorrectly tried before a jury of twelve jurors, rather than six jurors as required by La. Const. Art. I, § 17. Noting that this Court has previously held that “trial by an incorrect number of jurors, either more than or less than required, renders the verdict and sentence null,” the Jones court stated it must determine whether such a constitutional error automatically requires reversal, or whether it is subject to a harmless error analysis, warranting reversal only when the defendant is actually prejudiced. Id., 05-0226 at p. 3-4, 922 So.2d at 511. The Court explained:
A structural error is one which affects the framework within which- the trial *681 proceeds^ Arizona v. Fulminante, 499 U.S. 279, 307-311, 111 S.Ct. 1246, 1264-1266, 113 L.Ed.2d 302 (1991). Constitutional structural errors warrant automatic reversal. Arizona v. Fulminante, 499 U.S. at 307-311, 111 S.Ct. at 1264-1266. . Structural defects are fatal .and have been restrictively defined to include the complete denial of. counsel, see Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); adjudication by a biased judge, see Turney v. Ohio, 273 U.S. 610, 47 S.Ct. 437, 71 L.Ed. 749 (1927); exclusion of members of defendant’s race from a grand jury, see Vasquez v. Hillery, 474 U.S. 264,106 S.Ct. 617, 88 L.Ed.2d 698 (1986); the right to self-representation at trial, see McKaskle v. Wiggins, 466 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984); the right to a public trial, see Waller v. Georgia, 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984); and the right to a jury verdict of guilt beyond a reasonable doubt, see Sullivan v. Louisiana, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993).

Id.

The Jones court further noted, however, that not all constitutional errors are IsStructural, and in fact, most are subject to a harmless error analysis. Id., citing Sullivan v. Louisiana, 508 U.S. 275, 278-9, 113 S.Ct. 2078, 2081, 124 L.Ed.2d 182 (1993). Utilizing the harmless error analysis, the court in Jones found that the defendant’s conviction by a unanimous twelve-person jury did not result in any prejudice to him and remanded the case to the appellate court. In so concluding, the Jones court set forth a bright-line rule that juries composed of greater numbers of persons than .constitutionally required no longer constitute a non-waivable jurisdictional defect subject to automatic reversal. Critically, however, the Court stated in a footnote, ,“[o]ur holding here today does not guarantee the same result would be reached if a lesser number of jurors -had been empaneled than required by law, or if there was- no unanimity of verdict.” Jones, 05-0226 at 7, n.-9, 922 So.2d at 513.
This Court more recently considered a similar issue in State v. Brown, 11-1044 (La.3/13/12), 85 So.3d 52, wherein a jury of twelve persons convicted the defendant as charged of simple burglary of a religious building by a non-únanimous, 10-2 vote. The trial court sentenced the defendant to 12 years imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. Although the appéllate court had reversed his conviction and sentence based upon defendant’s trial by a twelve-person jury, where defendant should have had a six-person jury, this Court pointed to its decision in State v. Jones, supra, to reiterate that a trial of a relative felony before a jury of twelve persons is no longer an “absolute constitutional outlier that it once was in Louisiana.” Brown, 11-1044 at 3, 85 So.3d at 53, citing State v. Jones, 05-0226, p. 3 (La.2/22/06), 922 So.2d 508, 511. In Brown, however, this Court deemed it unnecessary to address whether the error in jury composition actually prejudiced respondent’s case, finding instead that because the defendant failed to make a contemporaneous objection to the jury error, “he waived any entitlement to reversal on appeal on Isgrounds that he was tried by a jury panel which did not conform to the requirements of La. Const, art. I, § 17 and La.C.Cr.Pr. art. 782 because it included a greater number of jurors than required by law, although the error is patent on the face of the record...Brown, 11-1044 at 5, 85 So.3d at 55, citing Jones, 05-0226 at 5, 922 So.2d at 516 (Weimer,' J., concurring in Jones) (“[The state correctly argues that]Louisiana’s established procedural default rules should govern because the rule bar *682 ring trial of a six-person jury offense in a twelve-person forum no longer applies in all instances and hence has lost its jurisdictional aspect.... A defendant should not have the opportunity of gambling on a favorable verdict from the larger jury and then resorting on appeal to an error that easily could have been corrected in the trial court at the outset of jury selection.”).[8]
Although our previous jurisprudence has properly posited the question, as reserved in Jones and Brown, as to the appropriate procedure when a defendant is erroneously tried by a fewer number of jurors than constitutionally required, this case does not fit squarely in those circumstances.[9] Here, after . the defendant’s Imoriginal sentence was imposed, he was billed as a habitual offender, and adjudicated as such. Consequently, the trial court vacated its original sentence (at hard labor) and defendant received an enhanced recidivist sentence as a multiple offender (at hard labor). In sum, the defendant ultimately received the same at hard labor sentence, despite the original sentence given by the trial court. Thus, we do not find it necessary to analyze the effect of any jury composition error, if any existed, in this particular case.
The bill of information in this case, as set forth in note 1 above, charged defendant in Count 1 with Driving While Intoxicated, fourth offense. Specifically, the charging instrument states, in pertinent part:
COUNT I
R.S. 14:98 DRIVING WHILE INTOXICATED, by operating a motor vehicle while under the influence of alcohol or any scheduled controlled dangerous substance or while under the influence of alcohol and one or more drugs which is not a scheduled controlled dangerous substance.
And now the District Attorney informs this Honorable Court that this is a FOURTH offense, the defendant having previously been convicted of operating a motor vehicle while under the influence of alcoholic beverages on May 15, 2002, in docket number F1360-18 in the Parish of Jefferson, State of Louisiana.
*683 And further having been convicted of operating a motor vehicle while under the influence of alcoholic beverages on February 19, 2004, in docket number ■03-CR-89114, in the. Parish of Washington, State of Louisiana.
And further having been convicted of operating a motor vehicle while under the influence of alcoholic beverages on July 9, 2010, in docket number 10-CR1-108537, in the Parish of Washington, State of Louisiana.
It is imperative to note that the bill of information sets the parameters and dictates the mode of trial.[10] Based solely upon the information on the face of the bill of Ininformation, the defendant in this cáse was properly tried before a six person jury, as the sentencing range for a fourth offense DWI, as listed in this particular bill of information, is not mandatory hard labor. Specifically, La. R.S. 14:98(E)(lj(a), in effect at the time of defendant’s offense, provided that operating a vehicle while intoxicated, fourth offense, carried the following penalty range with or without hard labor:
.... on a conviction of a fourth or subsequent offense, notwithstanding any other provision of law to the contrary and regardless of whether the fourth offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than ten years nor more than thirty years and shall be fined five thousand dollars. Two years of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence, (emphasis added) Given that ■ the enhanced' sentence to
which the evidence made defendant subject was not apparent’ on the face of the bill of information, we specifically decline to create a duty requiring a trial judge to look beyond the face of the bill of information or the indictment, and the Title 14 penalty range. Nor is it the responsibility of a trial judge to interrogate the district attorney or independently investigate as to what evidence might be introduced that would require a different jury composition at the outset of a case. Doing so would be inappropriate and contrary to the efficient administration of‘criminal justice, and effectively result in bad policy.
The defendant in this case was initially sentenced to twenty-five years at hard labor, with three years without the benefit of parole, probation, or suspension of sentence. During trial, documentary evidence (State’s Exhibit # 11) was introduced that established that after his DWI, third offense, the defendant was ^sentenced to substance abuse treatment and home incarceration,[11] which, under then-La.; R.S. *684 14:98(E)(4)(a), required an enhanced mandatory hard labor sentence:
If the offender has previously been required to participate in substance abuse treatment and home incarceration pursuant to Subsection D of this Section, the offender shall not be sentenced to ■ substance abuse treatment and home incarceration for a fourth or subsequent offense, but shall be. imprisoned at hard labor for not less than ten, nor more than thirty years, and at least three years of the sentence shall. be imposed without benefit of suspension of sentence, probation, or parole, (emphasis added)
Thus, the trial court’s original sentence, which included three years without, the benefit of parole, probation, or suspension of sentence, is consistent with the enhanced mandatory language in La. R.S. 14:98(E)(4)(a). A sentence such as the trial court’s original one should only have been imposed if the trial court considered the aforementioned documentary evidence that established that defendant had, indeed, been sentenced to home incarceration and substance abuse treatment. Stated, differently, the trial court’s original sentence (including three years without the possibility of probation, parole or suspension), was necessarily dictated by consideration of the documentary evidence establishing defendant was sentenced to home incarceration and substance abuse treatment following his third- offense DWI. However, because the trial judge did not specifically outline his consideration of this evidence, it is not clear from the record before us whether the hatrial court absolutely did, in fact, consider this evidence related to defendant’s predicate third offense DWI, as the jury did not make a finding related to this fact, and the trial judge did not explicitly make such a finding during the defendant’s sentencing proceedings. Moreover, .the record reflects no argument from either the, prosecution or the defense about whether or not the trial court should consider the evidence related to predicate # 3, which would have led to an enhanced sentence. As a result, given the uncertainty of which provision the defendant was sentenced under, this court cannot rule out the possibility that the defendant’s original sentence was improper. In other words, if the trial court sentenced the defendant under the unen-hanced provision (with optional hard labor), the defendant was correctly triéd by a six-person jury. If the trial court sentenced the defendant under the enhanced version, then the trial court was in error, and the sentence imposed may have been inappropriate. However, as discussed below, even if the trial court’s original sentence was improper, it was rendered moot by the defendant’s subsequent habitual offender status and related sentence as such. Consequently, we are unable to reach the jury composition issue in this particular case, but reserve the issue for this Court’s review another day.
The State’s Multiple Offender Bill of Information alleged that defendant was a third felony offender, with previous convictions in 1997 and 2007 for distribution of marijuana and theft between $300 and *685 $500, respectively. After a hearing, the defendant admitted the, allegations, and the trial court vacated its original sentence and resentenced him under La. R.S. 15:529.1 to 25 years at hard labor, without benefit of probation or suspension of sentence. In other words, the multiple offender bill in this instance resulted in an enhanced recidivist sentence that displaced the original' sentence, placing the defendant in the same position he would have been in, even without consideration of the provisions set forth in La. R.S‘. 14:98(E)(4)(a) (which', under the Louisiana Constitution, require a twelve | ^person jury).[12] In sum, we find this to be an issue of an improper sentence which has been rendered moot by the defendant’s multiple offender status. As a result, we decline to find any error, that ,warrants reversal of the defendant’s conviction or sentence in this particular instance.
CONCLUSION
Based upon the foregping analysis, although we find the trial court may have considered the documentary evidence necessary to impose the enhanced provisions set forth in 14:98(E)(4)(a), as evidenced by the trial court’s original sentence, we are unable to reach the jury composition issue. Even assuming a possible jury composition .error, we find it was rendered moot by the defendant’s multiple offender status, which required that he be sentenced under the mandatory hard labor requirement set forth in La. R,S. 15:529.1(G). For these reasons, we affirm the defendant’s conviction and sentence.
AFFIRMED.

. The Bill of Information, dated January 17, 2012, specifically provides as follows:
.COUNT I
R.S. 14:98 DRIVING WHILE INTOXICATED, by operating a motor vehicle while under the influence of alcohol or any scheduled controlled dangerous substance or while under the influence of alcohol and one or more drugs which is not a scheduled controlled dangerous substance.
And now the District Attorney informs this Honorable Court that this is a FOURTH offense, the defendant having previously been convicted of operating a motor vehicle while under the influence of alcoholic beverages on May 15, 2002, in docket number F1360-18 in the Parish of Jefferson, State of Louisiana. And further having been convicted of operating a motor vehicle while under the influence of alcoholic beverages on February 19, 2004, in docket number 03-CR-89114, in the Parish of Washington, State of Louisiana.
And further having been convicted of operating a motor vehicle while under the influence of alcoholic beverages on July 9, 2010, in docket number 10-CR1-108537, in the Parish of Washington; State of Louisiana.
COUNT 2
R.S. 32:79 IMPROPER LANE USAGE, by operating a motor vehicle on a public highway and improperly using the lanes for traffic.
COUNT 3
R.S. 32:304 C LICENSE PLATE REQUIRED, either tail lamp or séparate lamp shall be so constructed and placed as to illumináte with a white light the rear registration plate and render it clearly legible from a distance of 50 feet to the rear.
COUNT 4
R.S.,. 32:415 DRIVING UNDER SUSPENSION, by operating a motor vehicle on a *678 public highway while his driver’s license was under suspension.

. The transcript from the defendant's original sentencing hearing on September 24, 2012, reveals the following statements by the trial court:
* * #
Basically, I feel that Mr. Dahlem has shown a disregard for the normal rules and an unwillingness to abide by the normal rules. And I believe that without a significant jail sentence that Mr. Dahlem would 'be likely to perform or commit additional acts, criminal acts. And I think it’s his good fortune and our good fortune that no one has been significantly injured or killed at this point based on your driving while intoxicated. And I have seen those in front of me, Mr. Dahlem, who are much less fortunate.
I have reviewed the sentencing guidelines under article 894.1. And having considered both the aggravating and mitigating factors, I’m going to sentence you in this case to 25 years at hard labor in the custody of the Department of Corrections. Three of those years will be served without the benefit of parole, probation, or suspension of sentence.
* * *

. The Multiple Offender Bill of Information states that on May 22, 2007, the defendant was convicted of theft between $300 and $500, a violation of La. R.S. 14:67 and was sentenced to two (2) years with the Department of Corrections and three (3) years of probation. The defendant was also convicted of distribution of marijuana, a violation of La. R.S. 40:966, on June 26, 1997, and was sentenced to five (5) years with the Department of Corrections (suspended) and three (3) years of probation.

. The pre-sentencing investigation report in this matter, relied upon heavily by the trial judge at sentencing, shows that, beginning in 1990, defendant has been arrested twenty-seven (27) times prior to the instant offense, for various crimes including theft, criminal trespass, disturbing the peace, simple battery, and simple burglary (among others).

. The defendant asserted on appeal that: 1) the trial court imposed an unconstitutionally excessive sentence; 2) he was tried before an improper number of jurors; 3) he was denied a fair trial and due process of law because the predicate DWI evidence was insufficient as a result of an invalid first-offense DWI predicate;- 4) he was denied a fair trial and due process of law because of prosecutorial misconduct; and 5) he was denied a fair trial and due process of law because an invalid predi *679 cate, based on a juvenile adjudication for theft, was used to obtain the habitual offender adjudication.
In affirming the defendant’s conviction and sentence, the court of appeal found the trial court adequately considered the criteria of La.C.Cr.Pr. art. 894.1, and did not manifestly abuse its discretion in imposing defendant’s sentence. Moreover, the appellate court found the sentence imposed was not grossly disproportionate to the severity of the offense, and therefore, was not unconstitutionally excessive. The court of appeal also found no abuse of discretion in the trial court’s finding that the State sufficiently established that the defendant was the same person convicted in predicate number one (1), and the court also declined to find prosecutorial misconduct in this case. The appellate court also found the defendant's assignment of error number five (5), concerning his habitual offender' predicate, was not properly preserved for review, as defendant did not file a written response to the habitual offender bill.

. -Defendant did not object during the selection of the jury, participated in the selection of the six-person jury, and failed to file a motion in arrest of judgment at the trial court level.

. La.C.Cr.Pr, art, 782 similarly provides:
A. Cases in which punishment may be capital shall be tried by a jury of twelve jurors, all of whom must concur to render a verdict. Cases in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a ver-diet. - Cases in which the punishment may be confinement at hard labor shall be tried by a jury composed of six jurors, all of whom must concur to render a verdict. B. Trial by jury may be knowingly and intelligently waived by the defendant except in capital cases.

. Similar to reserving the contrary issue of fewer jurors when more is required, the court in Brown stated as follows in a footnote:
As in Jones, we have no occasion to consider here whether trial before a panel composed of fewer jurors than required by law, i.e., trial of a 12-person jury offense in a six-person jury forum, constitutes more than trial error and retains its jurisdictional character as a structural defect in the proceedings. We also have no occasion to consider here whether, in a post-conviction claim of ineffective assistance of counsel, the failure of counsel to object to the error in juty composition, which may constitute counsel error for purposes of the two-part test of ineffective assistance claims set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), may also satisfy Strickland's second prong, that the error prejudiced respondent, i.e., "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.” Strickland, 466 U.S. at 686, 104 S.Ct. at 2064. Cf. Lockhart v. Fretwell, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993) (the test of prejudice under Strickland "focuses on the question whether counsel’s deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair.”).
State v. Brown, 11-1044, p. 6, n. 1 (La.3/13/12), 85 So.3d 52, 55, n. 1.

. "It is well-settled in the jurisprudence of this state that courts will not decide abstract, hypothetical or moot controversies or render advisory opinions with respect to such controversies.” Shepherd v. Schedler, 2015-1750 (La. 1/27/16), quoting Cat’s Meow, Inc. v. City of New Orleans, Dept. of Finance, 98-0601, p. 8 (La. 10/20/98), 720 So.2d 1186, 1193.

. This court is aware of State v. Gage, 42,279 (La.App. 2 Cir. 8/29/07), 965 So.2d 592, and State v. Hardeman, 04-760 (La.App. 1 Cir, 2/18/05), 906 So.2d 616, which found that a related provision, La. R.S, 14:98(E)(4)(b), is not a separate offense requiring additional facts to be alleged in the indictment in order to satisfy Apprendi v. New Jersey, 530 U.S. 466, 476, 120 S.Ct. 2348, 2355, 147 L.Ed.2d 435 (2000). We find these cases distinguishable, however, as they addressed an Apprendi problem, but not a jury composition issue. As stated above, our ruling today is based upon the facts of the record before us, and we reserve for another day the issue of whether a jury composed of fewer jurors than required is a structural defect requiring a defendant’s conviction be reversed and a sentence vacated.

.' The appellate court accurately noted the defendant’s predicate offenses, as listed in the record:
In connection with predicate # 3, the State introduced into evidence a bill of information, commitment, minutes of guilty plea and sentencing, and transcript of guilty plea and sentencing. The documents1 indicated the defendant pled guilty to third-offense DWI and was sentenced to three years at *684 hard labor, with all but eighty days of the sentence suspended, and three years of supervised probation., Special conditions of probation included that the defendant submit to an evaluation by the Department of Health and Hospitals, Office of Addictive Disorders, to determine the nature and extent of his substance abuse, and that he participate in any treatment plan recommended by that office, including inpatient treatment for at least four weeks. Additionally, the court ordered the defendant would be subject to home incarceration during the entire period of probation.
State v. Dahlem, supra, at 596,

. We agree with Judge Kuhn’s concurrence in the court of appeal’s opinion, which states:
_[TJrial of the defendant by a six-person jury was dictated by law in this case. The district attorney, in the exercise of his discretion, elected to charge the defendant pursuant to La. R.S. 14:98 with a fourth-offense DWI. Under La. R.S. 14:98(E)(l)(a), the punishment for fourth-offense DWI is imprisonment with or without hard labor for not less than ten years and not more than thirty years and a $5,000.00 fine. In accordance with La, Const, art. I, se.c, 17(A), such a case "shall be tried before a jury or six persons, all of whom must concur to render a verdict.” See also La. C.Cr.P. art. 782(A). .
In reliance on these constitutional and statutory provisions, the State, the defense, and the trial court worked together to select a six-person jury to try this case. Although, the State later presented evidence at trial in connection with predicate # 3 which, if accepted, allowed for a sentence at hard labor under La. R.S. 14:98(E)(4)(a), sentencing of the defendant under' this sentencing enhancement provision was only a possibility, but never a certainty. Thus, as a practical matter, this case was required to be tried in a six-person jury forum since there was only a possibility that the defendant could receive a sentence at hard labor. In Louisiana, a twelve-person jury is required only .when the potential sentence is necessarily confinement at hard labor. La. Const, art. I, sec. 17(A); La.C.Cr.P. art, 782(A). Thus, the defendant's trial was conducted in accordance with the jury composition rules applicable to ■ La. R.S. 14:98(E)(l)(a), wherein the actual conduct prescribed is a fourth-offense DWI, and the sentence to be imposed may be with or without hard labor.
State v. Dahlem, 13-0577, p. 1 (La.App. 1 Cir, 6/18/14), 148 So.3d 591, 600-01 (Kuhn, J„ concurring).