| STATE OF LOUISIANA | * | NO. 2023-K-0770 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| KRISTEN ADAMS | * | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 555-084, "SECTION L"
Judge Angel Harris,
* * * * * *
**Judge Rosemary Ledet**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Rosemary Ledet, Judge Dale N. Atkins)

**DYSART, J., CONCURS IN PART AND DISSENTS IN PART**

Jason R. Williams, ORLEANS PARISH DISTRICT ATTORNEY
Brad Scott, CHIEF OF APPEALS
Zachary Phillips, ASSISTANT DISTRICT ATTORNEY
619 South White Street
New Orleans, LA 70119

      COUNSEL FOR THE STATE OF LOUISIANA/RELATOR

Francesca Buzzi
ORLEANS PUBLIC DEFENDERS
2601 Tulane Avenue, Suite 700
New Orleans, LA 70119

      COUNSEL FOR DEFENDANT/RESPONDENT

              **WRIT GRANTED IN PART; DENIED IN PART**
              **January 3, 2024**

In this criminal case, Defendant/Respondent—Kristen D. Adams—is charged with simple criminal damage to property and four counts of assault by drive-by shooting. Relator—the State of Louisiana—seeks supervisory review from two separate district court rulings: (i) November 6, 2023 ruling granting Ms. Adams' "Motion for the Firearm Enhancement to be Withdrawn" (the "Enhancement Ruling"); and (ii) November 13, 2023 ruling granting Ms. Adams' motion for twelve-person jury (the "Jury Ruling").[1] As to the Enhancement Ruling, we deny the writ;[2] as to the Jury Ruling, we grant the writ and reverse the district court's Jury Ruling for the following reasons.

In the district court, Ms. Adams filed a "Motion for a Twelve-Person Jury," requesting a twelve-person jury as to her assault by drive-by shooting charges. In support, she asserted that "the Framers (of the federal Constitution) intended twelve-person criminal petit juries" and that twelve-person juries "safeguard the

---

[1] Although technically the State should have filed two separate writ applications to seek review of the two separate rulings made on two separate days, we decline to dismiss the writ given the upcoming trial date in January 2024. We note, however, the proper procedure is to take two separate writs.

[2] As to the Enhancement Ruling, the district court, in its per curiam to this Court, correctly observed that "[t]he State's notice specifies neither the charge or charges for which it seeks enhancement. . . ."

1

due process and fair trial rights that the federal Constitution affords to the Accused." The State countered that the Louisiana Code of Criminal Procedure does not afford a twelve-person jury for the charges at issue.

Granting Ms. Adams' motion for a twelve-person jury, the district court observed:

> All right, so this is one of those cases where it's an interesting legal question because as Mr. Lemmon [the prosecutor] has stated, the statute says what the statute says. You do also have the constitutional arguments that may come into play and the [F]ourth [C]ircuit right now—their [sic] like it's fine, but it seems like it could potentially be unconstitutional. I think this is something that is right on the line, and one of the things that concerns me about this is the firearm enhancement, and . . . the fact that Ms. Adams is facing, you know three to ten years without benefit, and she would only have a six-person jury, and it feels to me that this would be a situation where a 12-person jury would be the most appropriate given the firearm enhancement and her potential exposure to 10 years without benefit. And based on that, I think that in the interest of justice, I am going to grant the motion for a 12-person jury. . . .

In its writ, the State contends the district court erred in granting the motion for a twelve-person jury. The State contends that the charged offense is necessarily triable by a six-person jury. We agree.

Under La. R.S. 14:37.1(B), as it provided at the time of the alleged offense, "[w]hoever commits an assault by drive-by shooting shall be imprisoned for not less than one year nor more than five years, with or without hard labor, and without benefit of suspension of sentence."[3] And, La. C.Cr.P. art. 782(A) provides that "[a] case in which the punishment may be confinement at hard labor shall be tried by a jury composed of six jurors all of whom must concur to render a verdict." The Legislature's use of the word "shall" in La. C.Cr.P. art. 782(A) indicates that trial

---

[3] As amended in 2023, this statute now provides for a sentence of "not less than three years nor more than ten years, with or without hard labor, and without benefit of suspension of sentence." La. R.S.14:37.1(B).

by a six-person jury on the charges at issue here is mandatory, not discretionary. *See* La. C.Cr.P. art. 5 (providing that "[t]he word 'shall' is mandatory, and the word 'may' is permissive").

The district court observed, in its per curiam to this Court, that the Louisiana Supreme Court, in *State v. Jones*, 05-0226 (La. 2/22/06), 922 So.2d 508, held that "we no longer find that a jury composed of a greater number of persons that constitutionally required constitutes a non-waivable jurisdictional defect subject to automatic reversal." *Id.* The holding in the *Jones* case, however, does not grant the district court the authority to ignore the mandatory language in La. C.Cr.P. art. 782(A). For these reasons, we hold that the district court erred in granting Ms. Adams' motion for a twelve-person jury on her assault by drive-by shooting charges.

Accordingly, the State's writ is granted as to the "Jury Ruling"—its granting a twelve-person jury as to the assault by drive-by shooting charges—and that ruling is reversed. The State's writ is denied as to the Enhancement Ruling.

**WRIT GRANTED IN PART; DENIED IN PART**