SEXTON, Judge.
James Michael Bennett was charged in a single bill of information with three counts of unlawful distribution of a controlled dangerous substance, marijuana, contrary to the provisions of LSA-R.S. 40:966. He was subsequently convicted by a jury of two counts of distribution of marijuana and one count of attempted distribution of marijuana. On appeal, defendant relies upon two assignments of error for reversal of his *743 conviction and sentences. We find no merit to these assignments and affirm for the reasons assigned herein.
Defendant has declined to designate the trial transcript for this Court’s review of his complaint. We therefore have adduced the following facts underlying the prosecution from the affidavit in support of the arrest warrant contained in the record. This affidavit states that on November 1, 1982, while working in an undercover capacity in Ouachita Parish for the Metro Narcotics Unit, a police officer of the West Monroe Police Department travelled to a residence located at 122 Garden Lane, Monroe, Louisiana. There he met a white male identified as Jimmy Bennett. The officer purchased one plastic bag of marijuana from Bennett, paying him $40. The contraband was later analyzed by the North Delta Crime Lab and found to be marijuana. The affidavit further provides that on November 4, 1982, while working in an undercover capacity in Ouachita Parish for the Metro Narcotics Unit, a police officer of the West Monroe Police Department trav-elled to a residence located at 122 Garden Lane, Monroe, Louisiana and met a white male identified as Jimmy Bennett. The officer purchased one plastic bag of marijuana from Bennett, paying him $60. The contraband was later analyzed by the North Delta Crime Lab and found to be marijuana. The affidavit goes on to state that on November 17, 1982, while working in an undercover capacity in Ouachita Parish for the Metro Narcotics Unit, a police officer of the West Monroe Police Department travelled to the E-Z Pak Store located on Old Sterlington Road, Monroe, Louisiana and met a white male known to the officer as Tommy Dubois and a white male known to the officer as Jimmy Bennett. After a conversation in his car between Dubois and the officer, Dubois instructed the officer and Bennett to go outside and look in his car for some marijuana. Bennett and the officer went to the car and Bennett removed one plastic bag of marijuana and handed it to the officer. The officer then went inside and paid Dubois $50 for the plastic bag of marijuana. This contraband was also analyzed by the North Delta Crime Lab and was determined to be marijuana.

Assignment of Error No. 1

Defendant sought to establish entrapment as a defense. In his first assignment, he argues that the trial court erred in allowing the State to establish his predisposition to commit the first enumerated criminal offense by introducing evidence of offenses allegedly committed subsequent to the initial distribution.
Federal jurisprudence has rejected similar defense arguments and found that a defendant’s actions both before or after the commission of the crime may be considered on the issue of his predisposition. United States v. Aguirre Aguirre, 716 F.2d 293 (5th Cir.1983); United States v. Carreon, 626 F.2d 528 (7th Cir.1980).
In United States v. Carreon, supra, the Court explained that while it is true that predisposition turns on a defendant’s mental state prior to commission of a crime, that mental state may be proved by relevant and admissible evidence concerning the defendant’s actions either before or after the commission of the crime.
“Given Carreon’s later actions, some of which are listed in text, infra, the trial court could properly have found that Carreon at some point acquired the desire to sell heroin and knowledge of how to do so. It would also have been reasonable, on the record, to conclude that this desire and knowledge on Carreon’s part did not come into existence during the course of the events at issue, but rather had existed from the outset of a series of transactions charged.”
We find the reasoning of Aguirre Aguirre and Carreon persuasive. The fact that Bennett sold marijuana subsequent to the initial sale was relevant to show that he was predisposed to commit the offense of distribution. As in Carreon, it is reasonable to conclude that Bennett’s desire to distribute controlled dangerous substances had been in existence from a *744 point in time preceding the instant crimes. We therefore find no merit to this assignment.

Assignment of Error No. 2

In his second assignment, defendant claims that the trial court committed reversible error in failing to sustain his pretrial motions to quash and sever based upon the prejudicial misjoinder of offenses. He alleged in these motions that the joinder of the charged offenses operated to deprive him of the opportunity to present effectively his only plausible defense, entrapment.
After the denial of his motions to quash and sever, defendant sought this Court’s supervisory review of the trial court’s ruling, urging that the simultaneous trial of three separate offenses would be prejudicial to the defense of entrapment. This Court ruled that the nature of the defense expected to be asserted is no grounds for the defendant to move to quash an information citing LSA-R.S. C.Cr.P. Art. 532, and accordingly, denied his request for supervisory relief.
Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial. LSA-C.Cr.P. Art. 493. If it appears that a defendant or the State is prejudiced by a joinder of offenses in an indictment or bill of information or by such joinder for trial together, the court may order separate trials, grant a severance of offenses, or provide whatever other relief justice requires. LSA-C.Cr.P. Art. 495.1.
The three charges of distribution of marijuana are of a same or similar nature. The mode of trial necessary to convict on each charge is likewise the same. Hence, the offenses were properly joined in the same information. Although properly joined, defendant may apply for a severance through the motion to quash if he will be prejudiced by the joinder. See LSA-C. Cr.P. Art. 495.1, supra.
State v. Washington, 386 So.2d 1368 (La.1980), delineates the burden of proof that the proponent of a severance must sustain for success:
It is well-established in the federal courts that the defendant has a heavy burden of proof when he alleges prejudicial joinder. United States v. Allstate Mortgage Corporation, 507 F.2d 492 (7th Cir.1974). A motion for relief from a prejudicial joinder is addressed to the sound discretion of the trial court and the court’s ruling should not be disturbed on appeal absent a showing of an abuse of that discretion. United States v. Olson, 504 F.2d 1222 (9th Cir.1974); United States v. Ziperstein, 601 F.2d 281 (7th Cir.1979). Thus, in order for an appellate court to reverse the trial court’s ruling, there must be a showing of clear prejudice. United States v. Bowman, 602 F.2d 160 (8th Cir.1979).
In ruling on the motion, the trial court must weigh the possibility of prejudice versus the important considerations of judicial economy and administration. In determining whether prejudice may result from the joinder, the court should consider whether the jury would be confused by the various counts; whether the jury would be able to segregate the various charges and evidence; whether the defendant could be confounded in presenting his various defenses; whether the crimes charged would be used by the jury to infer a criminal disposition and finally, whether, especially considering the nature of the charges, the charging of several crimes would make the jury hostile. See Drew v. United States, 331 F.2d 85 (D.C.Cir.1964); United States v. Weber, 437 F.2d 327 (3rd Cir.1970).
State v. Carter, 352 So.2d 607 (La.1977) held that normally severance is required when the offenses were joined simply because of their “same or similar” nature unless the evidence of such offenses *745 would have been respectively admissible at separate trials. However, no prejudice results from the joinder of two offenses when the evidence of each offense is relatively simply and distinct, even though evidence might not have been admissible in separate trials of the offenses because, with a proper charge, the jury can easily keep the evidence of each offense separate in its deliberations. State v. Williams, 418 So.2d 562 (La.1982); State v. Robinson, 404 So.2d 907 (La.1981); State v. Washington, supra.
We are in the peculiar position of having to review the merit of appellant’s claim without benefit of a trial transcript. Counsel’s designation of the record included that portion of the record including the pre-trial hearing of the motion to quash based upon the prejudicial misjoinder of offenses and that portion of the record including the jury’s verdict and jury poll as to all counts.
Recently, this Court was faced with a situation where defense counsel purposely excluded a portion of the record critical for the determination of the merit of an assigned error. We quote at length from State v. Booth, 448 So.2d 1363 (La.App.2d Cir.1984):
La.C.Cr.P. Art. 914.1 states that the party making the motion for appeal shall request that portion of the proceedings necessary for a review in light of the assignments of error to be urged. La.C. Cr.P. Art. 914.1 states as follows, in pertinent part:
A. The party making the motion for appeal shall, at the time the motion is made, request the transcript of that portion of the proceedings necessary, in light of the assignment of errors to be urged. Not later than five days after the motion, the opposing party may designate in writing the transcript of that portion or portions of the proceedings necessary to oppose the appeal.
In State v. Augustine, [252 La. 983], 215 So.2d 634 (1968), the Supreme Court held that only that which is in the record may be reviewed, and it is the obligation of the appellant to bring his appeal property (sic) before the court. In State v. Le-Blanc, 367 So.2d 335 (La.1979), the Supreme Court found that the failure to make contemporaneous objections and to designate parts of the record for appellate review may procedurally bar the right of judicial review. In the present case, the minutes reflect that the defendant did make a contemporaneous objection, but the defendant failed to designate that portion of the record necessary for review. In State v. Oubichon, 422 So.2d 1140 (La.1982), the Supreme Court held again that only that which is in the record may be reviewed by the court, citing State v. Augustine, supra.
Art. 1, § 19 of the Louisiana Constitution of 1974, grants the right of judicial review based upon a complete record whenever a person is subject to imprisonment for forfeiture of rights or property. State v. LeBlanc, supra. The Supreme Court in LeBlanc found that Art. 1, § 19 of the constitution does not require that the record be transcribed in all cases, but a record must be available to one who might choose to take advantage of his right of review. The court in LeBlanc concluded that if the defendant makes a knowing and intelligent waiver of the right, the record need not be transcribed.
The defendant states in his brief that “the prejudice to the defendant is best illustrated by the polling of the jury as to counts 1 and 2. He contends that the fact that the jury ^as divided as to the first count and unanimous as to the second count indicates that the entrapment defense lost credibility due to the cumulative weight of the evidence.” Contrary to defendant’s assertions, we are inclined to believe that the jury poll showing different votes on counts 1 and 2 and finding him guilty of a responsive verdict on count 3 supports the opposite inference: that the jury was able to easily distinguish the evidence as to each charge and to vote accordingly. Nonetheless, considering the state of this record, we are unable to find merit in the assignment.
*746 Accordingly, defendant’s convictions and sentences are affirmed.
AFFIRMED.