PER CURIAM.
h Granted. The order of the court of appeal is vacated to the extent that it determined that the non-capital offenses charged in the grand jury indictment had prescribed as a matter of La.C.Cr.P. art. 578(A)(2), and the trial court’s judgment denying defendant’s motion to quash in its entirety is reinstated.
In the grand jury indictment returned on November 26, 2007, the state joined a capital charge of first-degree murder with five other counts charging non-capital felonies. The joinder was improper at the outset. State v. Strickland, 94-0025, p. 10 (La.11/1/96), 683 So.2d 218, 225 (To the extent that a capital charge requires a unanimous 12-person verdict and a non-capital charge necessarily punishable at hard labor requires a concurrence only of 10 of 12 jurors, “the joinder of capital and non-capital charges in a single indictment violates the terms of La.C.Cr.P. art. 493 and La. Const, art. 1, § 17.”) (citing State v. McZeal, 352 So.2d 592, 601 (La.1977)). However, defendant did not move immediately to |2quash the indictment on grounds of misjoinder of offenses, La. C.Cr.P. art. 495, and the state thereafter elected to forego capital punishment on the count of first degree murder. The election had the effect of rendering joinder of the offenses proper under La.C.Cr.P. art. 493.2, which permits joinder of non-capital felonies, even if they are not separately triable by the same mode of trial, provided that trial of the joined offenses is conducted before a jury of 12 persons, 10 of whom must concur to render a lawful verdict. See La.R.S. 14:30(0(2) (2007 La. Acts 125) (“If the district attorney does not seek a capital verdict, the offender shall be punished by life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. The provisions of C.Cr.P. Art. 782 relative to cases in which punishment is necessarily confinement at hard labor shall apply.”); La.C.Cr.P. art. 782(A) (“Cases in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict.”).
However, the state’s election to forego capital punishment did not change the time period for bringing the charge of first degree murder to trial, or three years from institution of prosecution, “in capital cases.” La.C.Cr.P. art. 578(A)(1). That charge began as a capital prosecution, and “[t]he offense charged shall determine the applicable limitation.” La.C.Cr.P. art. 578(B). As a result, all of the charges now properly joined with the first-degree murder count in a single proceeding are subject to the three-year time limit for the case, although if charged separately at the outset, they were subject to the two-year time limit imposed by La.C.Cr.P. art. 578(A)(2) for trial of non-capital felonies. The trial court therefore properly denied defendant’s motion to'quash on March 4, 2010, several months before the three-year limit on the prosecution was set to expire.