# Supreme Court of Louisiana

The Opinions handed down on the **9th day of May, 2025** are as follows:

**BY Griffin, J.:**

2024-KK-00737      *STATE OF LOUISIANA VS. DAVIEONTRAY LEE BREAUX (Parish of St. Landry)*

REVERSED AND REMANDED. SEE OPINION.

Hughes, J., additionally concurs and assigns reasons.
Crain, J., concurs for the reasons assigned by Justice Cole.
McCallum, J., dissents and assigns reasons.
Cole, J., concurs in the result and assigns reasons.

# SUPREME COURT OF LOUISIANA

## No. 2024-KK-00737

## STATE OF LOUISIANA

## VS.

## DAVIEONTRAY LEE BREAUX

*On Supervisory Writ to the 27th Judicial District Court, Parish of St. Landry*

**GRIFFIN, J.**

We granted this writ to determine whether prosecutors may join capital felony charges with other felony charges. Adhering to the plain text of La. Const. art. I §17 – supported by nearly a century of jurisprudence – we hold prosecutors cannot do so.

## FACTS AND PROCEDURAL HISTORY

The Defendant, Davieontray Lee Breaux, was indicted by a grand jury on two counts of first-degree murder and three counts of attempted first degree murder. The State issued a notice to seek the death penalty on the first degree murder charges. Defendant subsequently filed a motion to quash his indictment for misjoinder of offenses under various legal provisions including La. C.Cr.P. art. 493 and La. Const. art. I §17.

The trial court denied the motion to quash. Specifically, the trial court ruled that because all convictions now require unanimity under *Ramos v. Louisiana*, 590 U.S. 83, 140 S.Ct. 1390 (2020) and the 2018 amendment to the Louisiana Constitution, there is no difference in the modes of trial for the offenses with which the Defendant is charged. Thus, the trial court concluded they may be tried together. The Defendant's application for supervisory writs was denied. *State v. Breaux*, 24-0107 (La. App. 3 Cir. 5/13/24) (unpub'd).

Defendant's writ application to this Court followed, which we granted. *State v. Breaux*, 24-00737 (La. 11/14/24), 395 So. 3d 1162

## DISCUSSION

The primary issue before this Court is whether the trial court properly denied the Defendant's motion to quash. A trial court's ruling on a motion to quash is subject to review for abuse of discretion. Factual findings may be overturned only if there is no evidence to support them. Legal conclusions are reviewed *de novo*. *State v. Karey*, 16-0377, pp. 6-7 (La. 6/29/17), 232 So. 3d 1186, 1191-92. This case presents a question of law.

Louisiana Code of Criminal Procedure article 493 allows for joinder of offenses when, among other conditions, they are triable by the same mode of trial.[1] Louisiana Code of Criminal Procedure article 493.2 provides additional rules for the joinder of felonies.[2] Article I §17 of the Louisiana Constitution establishes the categories of felony trials in Louisiana and further regulates the joinder of those trials.[3] Misjoinder of offenses is grounds for quashing the indictment under La. C.Cr.P. art. 532(3).

---

[1] La. C.Cr.P. art. 493 provides:

> Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial.

[2] La. C.Cr.P. art. 493.2 provides:

> Notwithstanding the provisions of Article 493, offenses in which punishment is necessarily confinement at hard labor may be charged in the same indictment or information with offenses in which the punishment may be confinement at hard labor, provided that the joined offenses are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan. Cases so joined shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict.

[3] La. Const. art. I § 17 provides:

> (A) Jury Trial in Criminal Cases. A criminal case in which the punishment may be capital shall be tried before a jury of twelve persons, all of whom must concur to

2

The Defendant argues that capital and non-capital felony charges cannot be joined pursuant to La. C.Cr.P. art. 493, because the two are not triable by the same mode of trial. To the Defendant, "same mode of trial" means something more than the number of jurors composing the jury and the number who must concur to render a verdict, such as different trial strategies and the different roles a jury has in capital cases as opposed to non-capital cases. The Defendant also notes there has been a long, unbroken line of jurisprudence that capital cases cannot be joined with non-capital cases, and that the plain text of La. Const. art. I §17 only permits joinder of absolute and relative felonies.

The State counters that the "same mode of trial" language used in La. C.Cr.P. art. 493 and La. Const. art. I §17 refer only to the number of jurors who compose the jury and the number of jurors who must concur to render a verdict. The State asserts that the primary reason to prohibit joinder of capital and absolute felonies was the different concurrence of jurors required to render a verdict. That distinction no longer exists. Under changes to La. Const. art. I §17 (A) in 2018 and the United States Supreme Court's decision in *Ramos v. Louisiana*, 590 U.S. 83, 140 S.Ct. 1390

render a verdict. A case for an offense committed prior to January 1, 2019, in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict. A case for an offense committed on or after January 1, 2019, in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, all of whom must concur to render a verdict. A case in which the punishment may be confinement at hard labor or confinement without hard labor for more than six months shall be tried before a jury of six persons, all of whom must concur to render a verdict. The accused shall have a right to full voir dire examination of prospective jurors and to challenge jurors peremptorily. The number of challenges shall be fixed by law. Except in capital cases, a defendant may knowingly and intelligently waive his right to a trial by jury but no later than forty-five days prior to the trial date and the waiver shall be irrevocable.

(B) Joinder of Felonies; Mode of Trial. Notwithstanding any provision of law to the contrary, offenses in which punishment is necessarily confinement at hard labor may be charged in the same indictment or information with offenses in which the punishment may be confinement at hard labor; provided, however, that the joined offenses are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; and provided further, that cases so joined shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict.

(2020), both capital and absolute felony cases require twelve-person, unanimous convictions.[4] The State also notes that Louisiana would be the sole jurisdiction to have such a joinder prohibition. In effect, the State's argument would invite us to ignore the plain text of the Louisiana Constitution, the primary source of law, and reject decades of jurisprudence, a secondary source of law, based solely on policy arguments and the actions of other States who do not share our constitutional provisions or legal tradition.

We decline this invitation, and instead, adhere to the rules of joinder created by the plain text of the Louisiana Constitution and decades of jurisprudence.

The Louisiana Constitution is generally interpreted using the same methods as statutes and other written instruments. *Succession of Lauga*, 624 So. 2d 1156, 1165 (La. 1993). Where the language of the law is clear and unambiguous and does not lead to absurd consequences, it is applied as written. *Id*. Louisiana Constitution article I §17 provides a clear, unambiguous, and rational result in this matter.

Titled "Jury Trial in Criminal Cases," La. Const. art. I §17 (A) recognizes four classes of felony cases: capital, absolute, relative, and bench trials. Capital cases are those in which prosecutors are seeking the death penalty, not simply where the offense has execution as a possible punishment. As to capital cases, it states, "[a] criminal case in which the punishment may be capital shall be tried before a jury of twelve persons, all of whom must concur to render a verdict." Absolute felony cases are those where a conviction would necessarily mean confinement at hard labor. *State v. Brown*, 11-1044, p. 2 (La. 3/13/12), 85 So. 3d 52, 53, *see also State v. Dahlem*, 14-1555, p. 2 (La. 3/15/16), 197 So.3d 676, 687-88 (Weimer J. dissenting). This clause, as it relates to absolute felonies, changed in 2018 to require unanimous

---

[4] *Ramos* prohibits non-unanimous *convictions*, whereas the Louisiana Constitution requires unanimity for all *verdicts* for crimes committed after 2019. *See State v. Thompson*, 24-0564 (La. 2/6/25), __So. 3d__, 2025 WL 414673 (the plain text of La. Const. art. I §17 controls, though changes in the law may have undermined one of its underlying purposes).

4

verdicts. The United States Supreme Court adopted a similar rule as to convictions for federal constitutional purposes in *Ramos v. Louisiana*, 590 U.S. 83, 140 S.Ct. 1390 (2020). In its current form, La. Const. art. I §17 (A) now states:

> A case for an offense committed prior to January 1, 2019, in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict. A case for an offense committed on or after January 1, 2019, in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, all of whom must concur to render a verdict.

A relative felony case is one in which a conviction would not necessarily mean confinement at hard labor. *Dahlem*, 14-1555, p. 2, 197 So.3d at 687 (Weimer J. dissenting); *State v. Burns*, 29,632, p. 4 (La. App. 2 Cir. 9/24/97), 699 So. 2d 1179, 1182. As to relative felonies, La. Const. art. I §17 (A) states "[a] case in which the punishment may be confinement at hard labor or confinement without hard labor for more than six months shall be tried before a jury of six persons, all of whom must concur to render a verdict." Lastly, La. Const. art. I §17 (A) authorizes felony bench trials, by stating "[e]xcept in capital cases, a defendant may knowingly and intelligently waive his right to a trial by jury but no later than forty-five days prior to the trial date and the waiver shall be irrevocable."

Nearly a century of jurisprudence has construed La. Const. art. I §17 (A) and its predecessor, La Const. art. VII §41 (1921), to, among other things, prohibit joinder of capital charges and non-capital charges. *See e.g., State v. Jacques,* 132 So. 657 (La. 1931); *State v. McZeal*, 352 So. 2d 592, 602 (La. 1977); *State v. Strickland*, 94-0025 (La. 11/1/96), 683 So. 2d 218, 225; *State v. Clark*, 589 So. 2d 549, 553 (La. App. 1 Cir. 1991). This jurisprudence is supported by the original purpose of what is now La. Const. art. I §17 (A). In the 1973 Constitutional Convention, a provision was proposed that would have allowed joinder of capital felonies and some absolute felonies by treating them the same regarding jury size and concurrence. This provision was rejected and replaced by what would become the current §17 (A).

5

Notably, Delegate Lanier, who defended the change, stated that the amendment "makes three changes in the present law and four changes in the present constitution." None of those listed changes were departures from the previously established joinder rules. *Compare* Transcript Records of the Louisiana Constitutional Convention, September 8, 1973, 44th Day of the Proceedings, v. VII page 1184 (aligning capital felony cases and some absolute felony cases) with *Id*. at 1188-1189 (proposal and statements by Delegate Lanier).

Then, Louisiana adopted La. Const. art. I §17 (B) in 1998. Titled "Joinder of Felonies; Mode of Trial." It states, in relevant part, "[n]otwithstanding any provision of law to the contrary, offenses in which punishment is necessarily confinement at hard labor may be charged in the same indictment or information with offenses in which the punishment may be confinement at hard labor..." By its title and terms, this provision controls which joinders are permissible for the felonies recognized in La. Const. art. I §17 (A). Article I §17 (B) exclusively permits joinder between absolute felony cases and relative felony cases, with additional limitations.[5] It makes no mention of capital and bench trials.

The legislature and the people of Louisiana are presumed to have known the joinder rules applicable under §17(A). *Cf. Kocher v. Truth in Pol., Inc*., 20-1153, p. 2 (La. 12/22/20), 307 So. 3d 182, 184. Further, when the Louisiana Constitution specifically enumerates a series of items, the Constitution's omission of other items, which could have easily been included, is deemed intentional. *Filson v. Windsor Ct. Hotel*, 04-2893, p. 6 (La. 6/29/05), 907 So. 2d 723, 728. While absolute and relative felony cases have always required different numbers of jurors, §17 (B) allows their joinder when the higher jury requirement is met. Thus, in 1998, had the people of

---

[5] This provision then continues and places further limitations on this joinder by stating "provided, however, that the joined offenses are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; and provided further, that cases so joined shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict."

6

Louisiana wished to allow joinder between capital and non-capital matters, they could have easily done so by requiring the higher jury requirement be met.

Despite three major reforms in the relevant law – in 1973, 1998, and 2018 – the people of Louisiana have never rejected the prohibition on joinder of capital and non-capital offenses; and the plain text of La. Const. art. I § 17 continues to exclude capital cases from joinder with other matters. Prosecutors are, therefore, prohibited from joining a defendant's capital charges with his other charges. Doing so requires the indictment be quashed.[6]

## DECREE

For the foregoing reasons, the indictment is hereby quashed, and the matter is remanded to the district court for further proceedings consistent with this opinion.

**REVERSED AND REMANDED**

---

[6] While a defendant may waive his joinder protections under La. Const. art. I § 17, he cannot waive the jury's prerogative of issuing a death sentence. *See* La. Const. art. I, § 17(A), *see also, State v. Louviere*, 00-2085 (La. 9/4/02), 833 So. 2d 885*; State v. Shallerhorn*, 22-01385 (La. 6/27/23), 366 So. 3d 42.

# SUPREME COURT OF LOUISIANA

## No. 2024-KK-00737

## STATE OF LOUISIANA

## VS.

## DAVIEONTRAY LEE BREAUX

On Supervisory Writ to the 27th Judicial District Court, Parish of St. Landry

**Hughes, J., additionally concurs.**

Death penalty cases are different. The jury selection process is different in that some jurors are excluded who might not otherwise be excluded based on their personal beliefs about the death penalty. And in a capital case, the jury, unlike all other cases, determines the penalty. Thus the mode of trial is different for capital cases and non-capital cases.

# SUPREME COURT OF LOUISIANA

## No. 2024-KK-00737

## STATE OF LOUISIANA

## VS.

## DAVIEONTRAY LEE BREAUX

On Supervisory Writ to the 27th Judicial District Court, Parish of St. Landry

**McCALLUM, J., dissents and assigns reasons.**

The United States Supreme Court, in addressing whether the joint trial of two defendants – one charged with a capital offense and the other with a non-capital offense – deprived the latter of his right to an impartial jury, made the following observation:

> Indeed, if petitioner's position—that, because a "death-qualified" jury is conviction prone and likely to mete out harsher sentences, it should be used only in the capital case—were accepted, its logic would lead to an anomalous result: **if, . . . a capital defendant also is charged with noncapital offenses, according to petitioner there would have to be one trial for those offenses and another for the capital offense. Such a result would place an intolerable administrative burden upon the Commonwealth.**

*Buchanan v. Kentucky*, 483 U.S. 402, 419 (1987) (emphasis added). The Supreme Court's recognition of the "intolerable" burden on a state in having to try a defendant separately for capital and non-capital offenses is just one of the reasons I respectfully disagree with the majority's conclusion that the trial court erred in denying defendant's motion to quash for misjoinder of offenses. The intolerable burden on the state is particularly heightened where, as in *Buchanan* and the instant matter, all of the offenses for which a defendant has been charged arise out of the same incident.

Here, defendant was charged with two counts of first-degree murder and three counts of attempted first-degree murder stemming from an April 22, 2022 incident, when defendant allegedly entered a small apartment, armed with an automatic rifle, and shot five people, two of whom were killed. There can be no dispute that the attempted murder charges and the first-degree murder charges are inextricably intertwined and evidence of the facts of each crime would be admissible in separate trials. As this Court reiterated in *State v. Taylor*, 01-1638, p. 10 (La. 1/14/03), 838 So. 2d 729, 741, "under La. C.E. art. 404(B)(1) evidence of other crimes, wrongs or acts may be introduced when it relates to conduct, formerly referred to as *res gestae*, that 'constitutes an integral part of the act or transaction that is the subject of the present proceeding.'" Thus, evidence of the attempted murders will undoubtedly be admitted at defendant's trial, regardless of whether he is tried solely on the capital charges.

The main consideration for a motion to quash based on misjoinder is prejudice to a defendant. *See* La. C.Cr.P. art. 495.1 ("If it appears that a defendant or the state is prejudiced by a joinder of offenses in an indictment or bill of information or by such joinder for trial together, the court may order separate trials, grant a severance of offenses, or provide whatever other relief justice requires."). A trial court, in ruling on a motion to quash based on misjoinder, is to "weigh the possibility of prejudice versus the important considerations of judicial economy and administration." *State v. Bennett*, 457 So. 2d 741, 744 (La. App. 2 Cir. 1984); *State v. Washington*, 386 So. 2d 1368, 1371 (La. 1980). Our jurisprudence has identified the following factors to be weighed by a trial court:

> (1) whether the jury would be confused by the various counts; (2) whether the jury would be able to segregate the various charges and evidence; (3) whether the defendant would be confounded in presenting his various defenses; (4) whether the crimes charged would be used by the jury to infer a criminal disposition; and (5) whether, especially

> considering the nature of the charges, the charging of several crimes would make the jury hostile.

*State v. Crooks,* 23-218, p. 37 (La. App. 3 Cir. 4/8/11), 374 So. 3d 241, 269, citing *State v. Lewis*, 97-2854, p. 15 (La. App. 4 Cir. 5/19/99), 736 So. 2d 1004, 1015.

Applied to the instant matter, none of these factors warrant the grant of a motion to quash based on misjoinder of offenses. The facts and circumstances of the offenses charged are the same and there would be no juror confusion (*i.e.*, first-degree murder for the victims who unfortunately died; attempted murder for the victims who were fortunate to survive), the defenses would be the same; a criminal disposition would likely be inferred simply from the two counts of first-degree murder (the attempted murder charges would be superfluous); and jury hostility would be a non-factor, as the jury would likely hear of the attempted murders as other crimes evidence. Thus, where the underlying facts of a singular incident leading to several charges are distinguishable only because three of the five victims happened to survive, the joinder of those offenses is even more warranted. Judicial economy, alone, justifies the joinder of the crimes for which defendant is charged.

My opinion as to the joinder of the offenses in this case is not limited to a consideration of judicial economy. In my view, there is a statutory basis for their joinder and the majority's interpretation of that authority – La. C.Cr.P. art. 493 and La. Const. art. I, §17 – is misplaced. The majority acknowledges that La. Const. Art. 1, §17 (B) "makes no mention of capital and bench trials." Indeed, the joinder of offenses, addressed in La. Const. Art. 1, §17 (B), states:

> . . . offenses in which punishment is necessarily confinement at hard labor may be charged in the same indictment or information with offenses in which the punishment may be confinement at hard labor; provided, however, that the joined offenses are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; and provided further, that cases so joined shall be tried by a

3

> jury composed of twelve jurors, ten of whom must concur to render a verdict.[1]

The Article's silence as to capital offenses does not dictate a finding that the joinder of capital offenses and non-capital offenses is barred. Nor does Article 493 make any distinction between the class of felonies that may be joined. It states, in pertinent part:

> Two or more offenses may be charged in the same indictment or information. . ., if each of the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction. . .; provided that the offenses joined must be triable by the same mode of trial.

In my view, Article 493 does not bar the joinder of capital and non-capital offenses as long as its two requirements are met: the offenses to be joined must be of the same character or arise from the same act or transaction; and they must be triable by the "same mode of trial." The instant case satisfies both requirements.

First, there can be no dispute that the offenses for which defendant has been charged are of the same character and arise from the same act or transaction.[2]

Second, the capital and non-capital offenses are triable by the same mode of trial. First-degree murder and attempted murder are both felonies, defined by La. R.S. 14:2 A (4) as crimes "for which an offender may be sentenced to death or imprisonment at hard labor." First degree murder, being punishable "by death or life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence,"[3] is a felony. Indeed, capital punishment is necessarily punishable at hard labor as no convicted capital defendant is eligible to receive parish jail time.

---

[1] *Ramos v. Louisiana*, 590 U.S. 83 (2020) rendered the latter segment of this provision void, as it made clear that all felonies require a unanimous jury verdict.

[2] Indeed, but for the fact that three of the victims survived, defendant would have been charged with five counts of first-degree murder.

[3] La. R.S. 14:30 C (1).

4

There is no question that attempted murder is also a felony. Under La. R.S. 14:27 D (1)(a): "If the offense so attempted is punishable by death or life imprisonment, he shall be imprisoned at hard labor for not less than ten nor more than fifty years without benefit of parole, probation, or suspension of sentence." As felonies, both first-degree murder and attempted murder require a jury of twelve people and a conviction for either requires a unanimous jury. *Ramos*.

Thus, the "mode of trial" for first-degree murder and attempted murder are the same for purposes of Article 493. All of the requirements of Article 493 are, thus, met.

That "triable by the same mode of trial" essentially means the number of jurors required for a conviction is reflected in this Court's decision in *State v. Strickland*, 94-0025 (La. 11/1/96), 683 So. 2d 218. There, the defendant was charged with conspiracy to commit armed robbery, armed robbery and first degree murder. He filed a motion to quash the indictment, contending that the charges were duplicitous and raised double jeopardy concerns. The Court agreed that the charges were misjoined, but for reasons other than those raised. It held:

> All the charges against Strickland required trial before a jury of twelve persons. However, the capital charge required a unanimous verdict; the non-capital charges required the concurrence of only ten jurors. Thus, under [*State v.*] *McZeal* [, 352 So. 2d 592 (La.1977)], the joinder of capital and non-capital charges in a single indictment violated the terms of art. 493 and La. Const. art. I, § 17.

*Id.*, 94-0025, p. 10, 683 So. 2d at 225. The Court then conducted a harmless error analysis and found that there was no prejudice to defendant in the joinder of the charges:

> The record does not indicate that the jury was confused about the three charges brought against the defendant. The state did not introduce any evidence on the non-capital charges which would not have been admissible at trial of the capital charge alone. Strickland was not precluded from presenting any type of defense by the joinder of the charges. The Court finds that the misjoinder in this case

was harmless error and did not prejudice Strickland's substantial rights as to the capital charge.

*Id.*, 94-0025, p. 16, 683 So. 2d at 227. *See also*, *State v. Clarkson*, 10-1625, p. 1 (La. 10/29/10), 48 So. 3d 272, 273 (joinder of a first-degree murder charge with five non-capital felonies was improper "at the outset" because, at the time, convictions for capital charges required a unanimous verdict, while non-capital offenses required only ten jurors to convict).

I acknowledge that this Court once held that the joinder of capital charges and non-capital charges was not permitted. In *McZeal*, the Court identified a number of factors which warranted the finding that the joinder of capital offenses and non-capital offenses was improper:

> In the case of such a misjoinder, a member of a jury who would vote to acquit the defendant of the capital offense if it were tried separately, would be under greater pressure to convict once the required number had reached a guilty verdict on the non-capital offense. The trial of a defendant on both capital and non-capital charges could induce a jury to convict on the non-capital charge as a compromise verdict, whereas the same jury might not convict if either charge were tried separately. The selection of a jury for trial of a capital case, because of the additional grounds for challenge for cause afforded the state, arguably tends to result in a jury which is more readily persuadable of a defendant's guilt than juries selected for non-capital cases.

*Id.*, 352 So. 2d at 604.

In the wake of *Ramos*, where unanimity is required for all felonies, the first of the three foregoing factors no longer has relevance. Nor is there any continuing merit to the contention that "the additional grounds for challenge for cause afforded the state, arguably tends to result in a jury which is more readily persuadable of a defendant's guilt than juries selected for non-capital cases." In *Buchanan*, the Supreme Court rejected the non-capital defendant's claim that a "death qualified" jury "violated his right to a jury selected from a representative cross section of the community." *Id.*, 483 U.S. at 415. Although the issue in *Buchanan* was the joinder

of two defendants for trial (one capital and the other non-capital), the Court's rationale applies here. The *Buchanan* Court found that a death qualified jury did not violate the non-capital defendant's rights under the 6th and 14th Amendments to an impartial jury selected from a representative cross section of the community.[4]

Logically, if the joinder of a defendant facing a capital charge with a defendant facing a non-capital charge does not raise constitutional issues, the joinder of capital and non-capital charges against the same defendant is constitutionally permissible. *See also*, *Lockhart v. McCree*, 476 U.S. 162 (1986) ("death qualification" of a jury [does not] violate the constitutional right to an impartial jury. . . . An impartial jury consists of nothing more than jurors who will conscientiously apply the law and find the facts."). *See also*, *State v. Molette*, 17-697, p. 13 (La. App. 5 Cir. 10/17/18), 258 So. 3d 1081, 1084, *writ denied*, 18-1955 (La. 4/22/19), 268 So. 3d 304 (where defendant was charged with first-degree murder and attempted first degree murder, there was "no prejudicial effect from joinder of offenses when the evidence of each is relatively simple and distinct, so that the jury can easily keep the evidence of each offense separate in its deliberations.").

Lastly, in my view, the majority artificially identifies a four-tiered criminal trial paradigm that is not created by the Constitution, which it ostensibly seeks to strictly interpret.[5] This categorization is irrelevant in this case in any event, as all of the charges are absolute felonies (cases in which punishment is necessarily confinement at hard labor). Obviously, the capital murder charge falls within this

---

[4] Numerous other cases have upheld the validity of joint trials between capital and non-capital defendants. *See, e.g., United States v. Bin Laden,* 109 F.Supp.2d 211, 221 (S.D.N.Y.2000), *aff'd sub nom. In re Terrorist Bombings of U.S. Embassies in E. Africa*, 552 F.3d 93 (2d Cir.2008); *United States v. Edelin,* 118 F.Supp.2d 36 (D.D.C.2000)*; United States v. Gray*, 173 F.Supp.2d 1 (D.D.C.2001), *aff'd sub nom. United States v. Moore*, 651 F.3d 30 (D.C. Cir.2011), *aff'd sub nom. Smith v. United States*, 568 U.S. 106; 133 S.Ct. 714; 184 L.Ed.2d 570 (2013); *United States v. Cuong Gia Le*, 316 F.Supp.2d 330, 340 (E.D. Va.2004); *Furman v. Wood*, 190 F.3d 1002, 1005 (9th Cir. 1999).

[5] The majority states here: "Titled 'Jury Trial in Criminal Cases,' La. Const. art. I § 17 (A) recognizes our classes of felony cases: capital, absolute, relative, and bench trials."

category. Attempted murder, too, is an absolute felony. Under La. R.S. 14:27 D (1), "[i]f the offense so attempted is punishable by death or life imprisonment, he shall be imprisoned at hard labor for not less than ten nor more than fifty years without benefit of parole, probation, or suspension of sentence." *See*, *e.g.*, *State v. Smith*, 08-528, p. 5 (La. App. 5 Cir. 1/13/09), 1 So. 3d 802, 804 ("the sentence for possession of a firearm by a felon is at hard labor; it is not a relative felony. Likewise, the sentence for the attempt is a hard felony."). Thus, regardless of their categorizations, the charges against defendant in this case may be joined, as discussed herein.

The trial court properly denied defendant's motion to quash. I respectfully dissent.

SUPREME COURT OF LOUISIANA

No. 2024-KK-00737

STATE OF LOUISIANA

VS.

DAVIEONTRAY LEE BREAUX

On Supervisory Writ to the 27th Judicial District Court, Parish of St. Landry

**COLE, J., concurs in the result and assigns reasons:**

I agree with the majority's finding that charges for capital offenses and those for non-capital offenses cannot be joined for purposes of trial, and thus, defendant's motion to quash his indictment must be granted. I write separately, because, in my view, the majority's result can be reached simply because the statutory provisions in our current law dictate the same outcome; therefore, the majority opinion's constitutional analysis is *dicta*.

La. C.Cr.P. art. 493 provides:

> Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that *the offenses joined must be triable by the same mode of trial*.

(Emphasis provided).

The Louisiana Constitution recognizes four modes of trial: 1.) trial by judge; 2.) trial by jury in which "punishment may be with or without hard labor;" 3.) trial by jury in which "punishment is necessarily at hard labor;" and 4.) trial by jury in which "punishment may be capital." La. Const. art. I, §17(A). Louisiana Code of Criminal Procedure article 493.2 does permit joinder of felonies necessarily punishable at hard labor in the same indictment or bill of information with offenses

1

in which the punishment may be confinement at hard labor, provided the joined offenses are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected or constituting parts of a common scheme or plan. However, this article, much like La. Const. art. I, § 17(B), is limited to joinder of non-capital charges; it does not provide for joinder of a capital case with a non-capital case.

It is well established that "[t]he legislature is presumed to enact each statute with deliberation and with full knowledge of all existing laws on the same subject. Legislative language will be interpreted on the assumption the legislature was aware of existing statutes, well established principles of statutory construction and with knowledge of the effect of their acts and a purpose in view." *M.J. Farms, Ltd. v. Exxon Mobil Corp.*, 07-2371, p. 13-14 (La. 7/1/08), 998 So. 2d 16, 27 (internal citations omitted). This Court's fundamental duty, as the "ultimate arbiter of the meaning of the laws of this state," is to "give effect to the legislature's intent." *McLane Southern Inc., v. Bridges*, 11-1141, p. 7 (La. 1/24/12), 84 So. 3d 479, 484 (quoting *Harrah's Bossier City Investment Company, LLC v. Bridges*, 09-1916 (La. 5/11/10), 41 So. 3d 438, 447).

There is no prohibition in trying cases by the same mode of trial in the text of La. Const. art. I, § 17. That distinction was divined in a split decision that flipped on rehearing wherein this Court interpreted the relevant statutory provisions still codified today in the Code of Criminal Procedure. *State v. McZeal*, 352 So. 2d 592, 602-03 (La. 1977) (the court examining the legislature's intent by providing that joined offenses must be "triable by the same mode of trial" and opining that "the fact that the constitution itself places capital cases in a singular category by requiring a unanimous verdict suggests the need for very explicit language in any statute which attempts to set up a scheme at variance with this classification."). The issue recognized in even older jurisprudence applying the relevant provisions of the prior

2

constitution were clearly based on the practical problems of combining a case with a 10-2 jury conviction standard (then 9-3) together with a case with a unanimous jury conviction standard. Importantly, La. Const. art. I, §17 no longer makes this distinction. These offenses are both triable to a jury of 12 that requires unanimity to reach a verdict.

As expressed specifically in *McZeal*, this Court did not find the legislature was without power to address this matter. It just observed that it had not done so. The language of La. Const. art. I, § 17(B) does not add any prohibition; it merely makes a constitutional exception to any other prohibition found in jurisprudence or law. As a result, this Court should not manufacture a prohibition not textually present merely based on an implicit understanding. *See Louisiana Federation of Teachers v. State*, 13-120, p. 22 (La. 5/7/13), 118 So. 3d 1033, 1048 ("Because the provisions of the Louisiana Constitution are not grants of power, but instead are limitations on the otherwise plenary power of the people of the state, exercised through the legislature, the legislature may enact any legislation that the constitution does not prohibit.").

The Constitution is expressly silent on this issue, and thus, in my view, we should simply turn to the law. As explained herein, in this case, the statutory law combined with the application of our longstanding interpretation of that law provides a restriction on combining two modes of trial. La. C.Cr.P. art. 493. Considering the plain language of the relevant statutes, until the legislature deems it necessary to rescind the restriction in La. C.Cr.P. art. 493, or craft further exceptions allowing joinder of other differing modes of trial by specifically providing that capital and non-capital offenses are eligible to be joined, the Court's result today conforms with the law. I therefore concur in the result but disagree with the reasoning that the text of the Constitution should be read to restrict the ability of the legislature to modify La. C.Cr.P. art. 493 and thus bring Louisiana in line with the other 49 states.

3